JOHN L. SENIOR, JR. *v.* ZONING COMMISSION OF THE TOWN OF NEW CANAAN

KING, MURPHY, MELLITZ, SHEA and ALCORN, Js.

Argued April 7—decided June 23, 1959

*J. Kenneth Bradley,* with whom was *Norwick R. G. Goodspeed,* for the appellant (defendant).

*Raymond T. Benedict,* with whom were *Francis J. McNamara, Jr.,* and, on the brief, *Morgan P. Ames* and *John F. Spindler,* for the appellee (plaintiff).

KING, J. The plaintiff owns a tract of 436 acres in New Canaan in a residence zone. The lots in the tract were required to have a minimum area of two acres. The zone, consisting of over 4000 acres, embraces the entire northerly portion of the town. The land is heavily wooded, hilly, and at present comprises only a little over 600 separate parcels. Six per cent of the zone is occupied by reservoirs supplying water to nearby municipalities. It is a semi-rural area of natural beauty and has neither water nor sewer services. Effective December 1, 1956, the defendant amended the zoning regulations by upgrading the zone so as to require a minimum lot area of four acres. The plaintiff claims to have contemplated a real estate development of two-acre lots. His basic contention on the appeal to this court is that the action of the commission in upgrading the area was unreasonable, arbitrary and illegal. He succeeded in persuading the court below to reverse the action of the commission.

Since there has been no intervening amendatory legislation, for convenience references will be made to the General Statutes, Revision of 1958. Pursuant to the requirement of § 8-3, the statute authorizing zone changes, the commission stated "upon its records the reason why such change is made." In this case several reasons were given. There is nothing in the proposed upgrading which appears inconsistent with the provisions of § 8-2 setting forth the considerations which the commission must have before it in enacting zoning regulations.[1] The burden

---

[1] Section 8-2 of the 1958 Revision provides that regulations of a zoning commission as to the use of land "shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate

was on the plaintiff to prove that the action of the commission amounted to an illegal abuse of its power. *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* 143 Conn. 257, 261, 121 A.2d 637. As far as appears, the commission considered each of the reasons given sufficient to warrant its action. It follows that as far as the reasons themselves are concerned, if any one of them would support the action of the commission, the plaintiff must fail in his appeal.

The upgrading of a zone in a residential semi-rural area is a type of regulation generally upheld. *Demars* v. *Zoning Commission,* 142 Conn. 580, 583, 115 A.2d 653; 58 Am. Jur. 974, § 52; 1 Yokley, Zoning Law & Practice (2d Ed.) § 170 & 1958 Sup.; Rhyne, Municipal Law, p. 839. Cases on this point are collected in an annotation at 141 A.L.R. 693. As pointed out in 1 Yokley, cited above, at page 421, for zoning regulations establishing minimum areas of lots, especially in residential zones, to be valid, they "must be reasonable and must be considered in the light of the facts of each particular case. There must necessarily be involved the surrounding topography of the area, the proximity to urban centers, the general character of the existing homes in the area, and the absence or presence of commercial and industrial developments." *DeMars* v. *Zoning Commission,* supra, 582, also involving the action of a zoning commission in increasing the minimum di-

light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate adequate provision for transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality."

mensions of lots, is to the same effect. Even if the plaintiff proved himself correct in his opinion that he could obtain a larger return from the sale of two-acre lots than from the sale of four-acre lots, the action of the commission is not thereby invalidated. *Simon* v. *Needham,* 311 Mass. 560, 565, 42 N.E.2d 516. The maximum possible enrichment of developers is not a controlling purpose of zoning. The plaintiff stated to the commission that the town of New Canaan, as of the 1950 census, had the highest per capita income of any town, village or city in the United States. This fact, given the commission by the plaintiff, was certainly a proper fact for it to consider in deciding whether the establishment of a superior residential district would be the most appropriate use of this unspoiled area. *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* 145 Conn. 218, 220, 140 A.2d 477. As shown by the record, after the amendment of the regulations there were left for residences, in addition to 625 sites in the four-acre zone, 1879 two-acre sites, 753 one-acre sites, 87 half-acre sites, 296 sites in zone A, and 798 sites in zone B. Having in mind New Canaan's present population of under 16,000, we cannot say, as the plaintiff infers, that the effect of the upgrading of the zone is to limit ownership of new homes in the town to the wealthy. The plaintiff failed to prove either that the action of the commission could not be supported by any one of the reasons given or that it otherwise transcended the commission's legislative powers. *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789.

The plaintiff's claim that two members of the commission violated the provisions of § 8-11 is unsupported. The record does not indicate that either of them participated in the hearing or decision of the

commission on any matter in which he was "directly or indirectly interested in a personal or financial sense." There is nothing here which falls within the salutary rule laid down in *Mills* v. *Town Plan & Zoning Commission,* 144 Conn. 493, 498, 134 A.2d 250.

The use of a moderator not a member of the commission at the public hearing was perhaps not good procedure. It is the commission which is to hold the hearing under the applicable statute, § 8-3. The plaintiff, however, has failed to prove that the hearing itself was conducted in an illegal manner. That being so, we cannot hold, as matter of law, that the mere fact that one not a member of the commission was called upon to serve as moderator in and of itself invalidated the meeting. He may have been better qualified to conduct it than any member of the commission.

The plaintiff has filed a so-called bill of exceptions in an attempt to bring up for review, in the event error is found, certain interlocutory rulings, including exclusionary evidential rulings. In the main, this evidence was offered in an attempt to prove that the reasons given by the commission were factually erroneous and unsound. Where, as here, there is no finding, a bill of exceptions must contain a statement of facts proven and of such other matters as may be necessary to present the questions sought to be raised. Practice Book § 410. No such statement appears. The so-called bill of exceptions cannot be considered.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.