CRESCENT DEVELOPMENT CORPORATION *v.* PLANNING COMMISSION OF THE TOWN OF NEW CANAAN

KING, MURPHY, MELLITZ, SHEA and ALCORN, Js.

Argued January 3—decided February 21, 1961

*Frank J. Culhane,* with whom were *William D. Allen* and, on the brief, *Alfred Santaniello,* for the appellant (plaintiff).

*Norwick R. G. Goodspeed,* with whom was *John C. Sturges,* for the appellee (defendant).

KING, J. The plaintiff bought a tract of land, a portion of which was bounded on the east by Ponus Street, in New Canaan. Of the entire tract, about thirteen acres lay in New Canaan and forty acres in Stamford. Although the Stamford and New Canaan portions were contiguous, only the portion bounded by Ponus Street abutted a public highway. In pursuance of a plan to subdivide the entire tract for residential development, the plaintiff filed a preliminary application with the defendant, the New Canaan town planning commission, seeking approval of the proposed subdivision of the New Canaan land. This action was taken in accordance with what are now §§ 8-25 and 8-26 of the General Statutes, providing that no subdivision of land shall be made until a plan for it has been approved by the town planning commission, and that if a subdivision plan is disapproved by the commission the grounds of disapproval shall be stated in the records of the commission. See *Purtill* v. *Town Plan & Zoning Commission*, 146 Conn. 570, 572, 153 A.2d 441; *Langbein* v. *Planning Board*, 145 Conn. 674, 679, 146 A.2d 412; *Levinsky* v. *Zoning Commission*, 144 Conn. 117, 123, 127 A.2d 822.

The plaintiff's proposed subdivision contemplated the division of the New Canaan property into five house lots with a roadway running through it westerly from Ponus Street to the Stamford property at the Stamford line. At the hearing before the defendant, the plaintiff explained that its proposed subdivision of the Stamford property into some thirty-three house lots, with access to Ponus Street, a public highway, over the roadway through the New Canaan subdivision, had been approved by the Stamford authorities. After a hearing, the defendant voted that the plaintiff's preliminary plan for

the subdivision of its New Canaan property was "approved, subject to the following: [1] That the road leading Westerly from Ponus Street be terminated fifty (50) feet Easterly of the Stamford-New Canaan border, and [2] [t]hat a note be attached to the final map stating: 'No road, no accessway and no private driveway shall be constructed which will provide access to property in Stamford until access is provided from the developer's land in Stamford to an established or public road in Stamford.'"

The practical effect of the defendant's action was to approve the plan after modifying it so as to forbid the construction, in New Canaan, of any roadway or driveway connecting the Stamford subdivision with the roadway leading through the New Canaan subdivision to Ponus Street, unless the Stamford subdivision was provided with access to a public highway in Stamford. Since the Stamford property did not border on a public highway or have any other access to one, the defendant's action blocked the proposed Stamford subdivision unless, by purchase, by condemnation proceedings instituted by Stamford, or otherwise, land needed for the construction of an access road could be acquired. The defendant's modification of the plan prior to its approval had no apparent adverse effect on the New Canaan subdivision, since that would be served by the roadway to Ponus Street as approved by the defendant and as called for in the plaintiff's application. The gist of this appeal is the plaintiff's claim that the defendant had no power to modify and approve the plaintiff's plan of the New Canaan subdivision in such a manner as adversely to affect the Stamford subdivision by making it landlocked.

The defendant had no power to approve or dis-

approve any subdivision in Stamford, nor did it attempt so to do. It quite properly limited itself to the proposed New Canaan subdivision. See *Wil-Nor Corporation* v. *Zoning Board of Appeals,* 146 Conn. 27, 28, 147 A.2d 197. Its action affected only the use of the roadway running through the New Canaan subdivision from Ponus Street. The defendant's reasons for its action are given at length in its minutes and clearly were predicated on the plaintiff's representations that its proposed subdivision in Stamford had been approved and would contain about thirty-three homes. Of this the plaintiff has no ground to complain. The defendant was entitled to act on the basis of these representations as to the use to be made of the Stamford property.

Prior to this controversy, the defendant, pursuant to the provisions of § 8-25 of the General Statutes, had adopted regulations as to subdivisions and roads which included the following: "[Art. I § 1.2] Scope. The subdivision of all private land and the layout of all roads shall conform with these regulations and all such proposed roads shall be in harmony with existing or proposed principal thoroughfares shown in the Development plan. . . . [Art. VII § 7.2] Road Terminus. Where required by the Commission, roads shall be extended to one or more points on the boundary line of the subdivision or, in the alternative, the Commission may require that such road be terminated short of the boundary line of the subdivision and may also require the reservation of a strip or strips of prescribed width for future extension of the road to such boundary line." New Canaan Subdivision and Road Regs. (1956).

"In exercising its function of approving or disapproving a subdivision plan, the planning board acts in an administrative capacity. In passing upon a

plan, its action is controlled by the regulations adopted for its guidance." *Langbein* v. *Planning Board,* 145 Conn. 674, 679, 146 A.2d 412; *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 83, 103 A.2d 814. The defendant assigned eight reasons for its decision. As far as appears, it considered each of the reasons given sufficient to warrant its action. It follows that as far as the reasons themselves are concerned, if any one of them would support the action of the defendant, the plaintiff must fail in its appeal. *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415. The reasons given by the defendant were predicated upon the plaintiff's representations that the Stamford subdivision had been approved and would consist of a total of about thirty-three lots and that these, together with the five New Canaan lots, would all be given access to the sole public highway, Ponus Street, by means of a dead-end roadway within the New Canaan subdivision. The defendant's reasons for its action in attaching the roadway restriction to its approval of the New Canaan subdivision were, in summary, that, without the restriction, great density of traffic would exist on the roadway within the subdivision and at the intersection with Ponus Street, and the roadway to Ponus Street "would not be in harmony with existing and proposed principal thoroughfares, streets and other public ways as shown in the Development Plan [of New Canaan], especially in regard to safe intersections, . . . [and] would present a serious problem both to the City of Stamford and the Town of New Canaan as to the matter of general public safety, including . . . snow removal, repair of roads and transportation of school children [from the Stamford subdivision] to schools in the City of Stamford."

The burden was on the plaintiff to prove that the action of the defendant was illegal. Crowding all the traffic from the Stamford subdivision of thirty-three lots and all the traffic generated by the New Canaan subdivision onto this dead-end roadway of about a mile in length from Ponus Street to the Stamford line, and discharging that traffic all onto Ponus Street at one intersection, could well be found by the defendant to be good cause for deciding, in accordance with its power under article VII § 7.2 of its regulations, as previously quoted, that the road should be terminated fifty feet short of the boundary line of the subdivision, which, as far as the defendant was concerned, was the Stamford-New Canaan line. The power of a planning commission to modify a plan before approving it is expressly given in § 8-26 of the General Statutes.

The plaintiff seems to claim that the action of the defendant unconstitutionally deprived the plaintiff of its Stamford property by rendering that property useless for all purposes. It bases this claim on its construction of the defendant's action as prohibiting any access whatsoever from Ponus Street to the Stamford property, regardless of how that property is used. The minutes of the defendant, properly construed as a whole, do not reasonably support the plaintiff's interpretation, even though it would have been preferable had the defendant more precisely expressed its intention. The plan as modified and approved did not prohibit access to the Stamford property from Ponus Street. At most, the plaintiff was prohibited from constructing a road, an access way or a private driveway giving access to the Stamford property from Ponus Street. And the reasons assigned by the defendant for its action make it clear that even this prohibition was based

on the proposed subdivision of the plaintiff's Stamford property in accordance with its representations to the defendant. Properly construed, the defendant's action modified and approved the plaintiff's plan in a way which affected only the plaintiff's use of the Stamford property as a subdivision of the general type proposed.

The plaintiff suggests that if it sold a portion, or all, of its Stamford property, the purchaser would have a right of way by necessity to Ponus Street over his grantor's other property, under the rule of cases such as *Marshall* v. *Martin,* 107 Conn. 32, 36, 139 A. 348. The defendant was not presented with any such proposal. It acted on the situation as the plaintiff represented it to be, that is, a subdivision of the Stamford property into some thirty-three lots. Subject to zoning and planning regulations, one may develop property in a residential zone as a subdivision consisting of many lots. See *Senior* v. *Zoning Commission,* 146 Conn. 531, 153 A.2d 415. But if he does, he must expect that the use of a roadway through a subdivision in another town may be restricted in a manner which would be unreasonable and illegal in the case of a subdivision consisting of only a few lots. The plaintiff at all times knew the situation of its Stamford land with respect to access to a public highway. It cannot nullify the power given by the statutes to planning commissions by the simple expedient of buying residential property located in two towns with access to a public highway only through the subdivision in one town.

The claim that the modification of the plan was unauthorized by statute merits no extended discussion. Section 8-25 states that the regulations as to subdivisions "shall provide . . . that the proposed streets are in harmony with existing or proposed

principal thoroughfares shown in the plan of development [for the municipality] . . . , especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs." This fully authorized the modification which in effect prohibited a dead-end street in New Canaan from extending through to, and receiving all traffic from, the Stamford subdivision in the situation presented by this case.

There is no error.

In this opinion the other judges concurred.