METROPOLITAN HOMES, INC. *v.* TOWN PLAN AND
ZONING COMMISSION OF THE TOWN OF FARMINGTON

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued February 6—decided June 30, 1964

*Palmer S. McGee, Jr.,* for the appellant (defendant).

*Edward H. Kenyon,* for the appellee (plaintiff).

SHEA, J. The defendant has appealed from a judgment of the Court of Common Pleas sustaining the plaintiff's appeal from the action of the defendant in changing the zone of certain property from R 20 to R 30.

The planning and zoning regulations of Farmington contain the following requirements: In an R 20 zone, lots must have a minimum frontage of 100 feet, 20,000 square feet of area and, where dwellings are erected, a minimum of 1000 square feet of floor area; in an R 30 zone, lots must have a minimum frontage of 125 feet, 30,000 square feet of area and, where dwellings are erected, a minimum of 1200

square feet of floor area; in an R 40 zone, lots must have a minimum frontage of 150 feet, 40,000 square feet of area and, where dwellings are erected, a minimum of 1200 square feet of floor area. Farmington Zoning Regs., art. 3 §§ 2 (a), (b), art. 6 (1957).

The property involved in the change of zone consists of seventy-five acres of undeveloped land in the northwestern portion of the town and is bounded northerly by the Avon town line, easterly and southerly by West Avon Road, a public highway in Farmington, and westerly by Roaring Brook, Park Pond and land owned by several different persons. The plaintiff owns sixty-two acres of the land covered by the change. About two-thirds of the land involved was the subject of the defendant's appeal to this court from a judgment of the Court of Common Pleas overruling the action of the commission in changing the zone of the property from R 20 to R 40. See *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* 145 Conn. 218, 140 A.2d 477.

Reference to the memorandum of decision filed in the present case shows that the judgment of the trial court was based on the erroneous assumption that the situation in this case is the same as that presented in *Village Builders,* supra. The court decided, as the trial court did in *Village Builders,* that the change of zone constituted spot zoning. In the first place, the appeal in *Village Builders* (p. 220) was based solely on the admissibility in the trial court of evidence which had not been offered at the hearing before the commission. We held (p. 221) that the trial court did not err in admitting the evidence. Neither the findings nor the conclusions of the trial court relating to spot zoning were challenged in the former appeal. Furthermore,

in that appeal, the land involved less acreage, and the change of zone was from R 20 to R 40. The situation is not the same as that in *Village Builders*.

The plaintiff claims that the change of zone is not in accordance with the comprehensive plan. In 1954, there was a comprehensive revision of zoning in the town. At that time, the commission planned to change the zone of the land involved in this appeal to R 40, but, through a clerical error, this change was omitted from the revision in the zoning plan. The land is on a slope and is the only large undeveloped tract in the town zoned below R 30. Because of its rugged topography, the property is better suited to a zone requiring a larger lot area. A large brook running through the property causes drainage problems. The plaintiff owns adjacent land in Avon in a zone which is approximately the same as the R 30 zone in Farmington. A majority of the houses in the neighborhood surrounding the plaintiff's property exceed the minimum requirements of houses in an R 30 zone. The upgrading of the property to R 30 would facilitate provision for water, sewage, schools, parks and other requirements. Many of these facts are recited among the reasons given by the commission for its action.

There is nothing here to indicate that the change of zone will not permit the use of the affected property in an appropriate manner when regard is had to the type and location of the property and the nature of the use being made, or which could be made, of the surrounding area. There can be no doubt that the reasons given by the commission fully support its action in adopting the change. The modification of zone boundaries and regulations by a zoning commission partakes of the nature of legislative proceedings. The circumstances and con-

ditions concerning zone changes are peculiarly within the knowledge of the zoning commission. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority. *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538. Furthermore, the upgrading of a zone in a residential area is generally upheld. *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415. The change was made in accordance with the comprehensive plan.

The plaintiff claims that there are no changes in the area to justify the change in zone. We have said that ordinarily a zone classification should not be changed unless some new condition has arisen which substantially alters the character of the area. *Vece* v. *Zoning & Planning Commission,* 148 Conn. 500, 503, 504, 172 A.2d 619; *Nowicki* v. *Planning & Zoning Board,* 148 Conn. 492, 496, 497, 172 A.2d 386; *Kimball* v. *Court of Common Council,* 148 Conn. 97, 101, 167 A.2d 706; *Zoning Commission* v. *New Canaan Building Co.,* 146 Conn. 170, 175, 148 A.2d 330. By this statement we did not intend to place the legislative body of a municipality in a straitjacket. The commission, in changing the zone, acted as a legislative body, and such a body ought to be free to amend its enactments when, for example, the purpose is to invoke or modify provisions which time and experience have demonstrated to be unwise or in need of change. *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789. This principle applies where the action of the commission is taken on its own proposal. *Yurdin* v. *Town Plan & Zoning Commission,* 145 Conn. 416, 421, 143 A.2d 639. And it is especially applicable in this case where the commission was attempting to correct the clerical error

made in 1954 when its decision to change the zone of this property was not reflected on the zoning map. See *Winslow* v. *Zoning Board,* supra; *Young* v. *Town Planning & Zoning Commission,* 151 Conn. 235, 243, 196 A.2d 427.

The plaintiff maintains that the change in zone constitutes spot zoning. Its argument that the issue of spot zoning was decided in *Village Builders* has already been discussed and needs no repetition. "Spot zoning has been defined as 'a provision in a zoning plan or a modification in such a plan, which affects only the use of a particular piece of property or a small group of adjoining properties and is not related to the general plan for the community as a whole.' Maltbie, 'The Legal Background of Zoning,' 22 Conn. B.J., pp. 2, 5." *Kimball* v. *Court of Common Council,* supra, 102. Spot zoning is an "attempt to wrench a single small lot from its environment and give it a new rating that disturbs the tenor of the neighborhood." *Linden Methodist Episcopal Church* v. *Linden,* 113 N.J.L. 188, 191, 173 A. 593 (cited with approval in *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 63, 89 A.2d 746). Two elements must coexist in order to constitute spot zoning. First, there must be a change in zone applicable only to a small area. Second, this change must be out of harmony with the comprehensive plan for the good of the community as a whole. *Guerriero* v. *Galasso,* 144 Conn. 600, 607, 136 A.2d 497. The area here consisting of seventy-five acres covered a large parcel of land. There is nothing here to show that the change of zone was out of harmony with the comprehensive plan. The change was not made to meet the wishes of a private interest as was the case in *Kimball* v. *Court of Common Council,* supra; *Guerriero* v. *Galasso,* supra; *Zucker-*

*man* v. *Board of Zoning Appeals,* 144 Conn. 160, 128 A.2d 325; *Miller* v. *Town Planning Commission,* 142 Conn. 265, 113 A.2d 504; *Kuehne* v. *Town Council,* 136 Conn. 452, 72 A.2d 474. The record amply demonstrates a purpose on the part of the commission to serve the public interest. The change of zone did not constitute spot zoning. *Winslow* v. *Zoning Board,* supra; *Hills* v. *Zoning Commission,* 139 Conn. 603, 96 A.2d 212; *Eden* v. *Town Plan & Zoning Commission,* supra; *Kutcher* v. *Town Planning Commission,* supra; *Mallory* v. *West Hartford,* 138 Conn. 497, 86 A.2d 668.

Finally, the plaintiff claims that the change in zone is illegal because it deprives the plaintiff of the benefit of subdivision plans approved by the defendant either expressly or by operation of law. In 1959, after the decision in *Village Builders,* the plaintiff filed with the defendant for approval a subdivision plan of all its land in Farmington. The application was made under § 8-26 of the General Statutes, which then provided, in part, that upon the filing of such an application "[t]he commission shall approve, modify and approve, or disapprove a subdivision plan within sixty days after the submission thereof. The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand, provided an extension of this period may be had with the consent of the applicant." In June, 1959, the commission held a public hearing on the plaintiff's application for preliminary approval of its subdivision. Several problems concerning the subdivision arose at the hearing, and the plaintiff's application was tabled to give the plaintiff an opportunity to satisfy certain requirements of the commission. On October 8,

14

the commission notified the plaintiff, by letter, that its request for preliminary approval of the subdivision would be denied within thirty days unless the commission's requirements as set forth in its letter of June 30 were met. On October 15, the plaintiff, by letter, acknowledged the commission's letter of October 8, stating that engineers had been engaged to study the commission's requirements, and promised action within the thirty-day limit specified by the commission. In this letter, however, the plaintiff requested the indulgence of the commission if the engineer's report was not completed within the thirty-day limit. In January, 1960, the commission had an executive meeting. The town engineer and the plaintiff's vice president were in attendance. A discussion concerning engineering and other problems ensued. The plaintiff's representative clearly indicated the willingness of the plaintiff to wait for the extension of sewers by the town before going ahead. Thus, it appears that the plaintiff consented to an extension of the time within which the commission should act on the plaintiff's application. Under these circumstances, the plaintiff cannot claim approval of the subdivision by reason of the failure of the commission to act on its application within the time limited under the statute. Parenthetically, we observe that when consent for such an extension is given, prudence dictates that such consent be given in writing. That consideration aside, the facts here clearly indicate the plaintiff's desire to wait until certain things were done before requiring formal action by the commission on its application. Under this state of facts, the action of the commission in changing the zone was not affected by the plaintiff's pending application for approval of its subdivision.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.