[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from the decision of the Zoning Commission of the City of Bridgeport denying its petition for a change of zone from Residence A to Design Business District #1 and for a special permit pursuant to Chapter 11A, Sec. 5 of the Bridgeport zoning regulations to construct a two story residence apartment building with 105 units on property at 1290-1320-1370 Chopsey Hill Road in Bridgeport. The plaintiff claims the decision was arbitrary and unreasonable, unsupported by the evidence, based upon the wrong standard and not in accord with the purpose and intent of the regulations. The defendant counters that the findings are adequately supported, that it properly addressed the plaintiff's petition and that the plaintiff failed to make a sufficient showing of need.
The plaintiff, East Coast Development, Inc. is the owner of the 3.3 acre parcel in question and wishes to construct housing for persons over 55 years of age. After a public hearing, the CT Page 9407 Zoning Commission voted on April 23, 1991 to deny the plaintiff's petition. It found: 1) the petition did not conform to the requirements of Chapter 11A, Sec. 5 of the city regulations; 2) the density of the proposed development was excessive; 3) traffic generated in connection with the proposed development would create a public safety hazard; 4) the topography of the proposed site is not conducive to a multi-family development; 5) underground parking facilities are inappropriate for an elderly housing development; and 6) there are no zoning regulations or guidelines applicable to elderly housing in the city regulations.
The Court finds that the plaintiff is aggrieved.
 I.
A zoning commission acts in a legislative capacity when it considers a zoning change. Primerica v. Planning and Zoning Commission, 178 Conn. 657, 660; DeMeo v. Zoning Commission,148 Conn. 68, 75. In such cases the commission has broad discretion within the mandates of Sec. 8-2, General Statutes, and the comprehensive plan; Id., 661; and a court may not substitute its judgment for that of the local agency acting within its legislative powers. Frito-Lay, Inc. v. Planning and Zoning Commission, 186 Conn. 466, 470.
The determination for the court is whether the record reasonably supports the commission's conclusions. Primerica v. Planning and Zoning Commission, supra. Where the local authority states the reasons for its decision, courts should not probe beyond them; DeMaria v. Planning and Zoning Commission,159 Conn. 534, 541; and the commission's action must be sustained if any one of the reasons stated by it supports the decision. Primerica v. Planning and Zoning Commission, supra; Frito-Lay, Inc. v. Planning and Zoning Commission, supra, 576; Zygmont v. Planning and Zoning Commission, 152 Conn. 550, 553. Because of the liberal discretion with which the commission is endowed the function of the court in cases such as these is carefully proscribed. Of course, the burden of proving improper action rests with the plaintiff.
A special exception allows a property owner to use land in a manner permitted by the local regulations, WATR, Inc. v. Zoning Board of Appeals, 158 Conn. 196, 200; but the proposed use must satisfy the standards set forth in the regulations and CT Page 9408 any conditions necessary to protect the public health, safety, convenience and property values. Housatonic Terminal Corp. v. Planning and Zoning Board, 168 Conn. 304, 307. Here, the authority acts in an administrative capacity where it necessarily enjoys a much narrower function, but its action will be sustained if any one of its stated reasons are supported by the record. Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56.
The regulations permit the Commission to consider special exceptions, in relation to adjacent establishments or intended uses or the planned development of the community. The record reveals that the Commission saw the planned use of the area in question to be that of single family residences. Moreover, the Commission considered the proximity of a magnet school when it considered the public health and safety of the proposed use.
Of course, the Commission, as the finder of facts, may determine for itself the weight it will give to the evidence it receives and it need not explain why it credited one witness or statistic over another. Brennick v. Planning and Zoning Commission, 41 Conn. Sup. 593, 602. The fact that inconsistent evidence was submitted does not prevent an administrative agency from making a finding. The question is not whether the court would reach the same conclusion; but whether on this record, the agency could decide as it did. Calandro v. Zoning Commission,176 Conn. 439, 440. Commission members may also rely on their own personal knowledge in making decisions, especially if the decision concerns matters readily within their competence such as local traffic conditions, street safety, and the need for multi-family housing. Feinson v. Conservation Commission,180 Conn. 421, 427; Central Bank for Savings v. Planning and Zoning Commission, 13 Conn. App. 448, 454; Burnham v. Planning and Zoning Commission, 189 Conn. 261, 267.
 II.
Based upon the record, the plaintiff has not sustained its burden of proof. There was evidence at the public hearing which weighed both in favor of, and in opposition to, the proposed change. It was for the Commission, as the finder of fact, to assess that evidence and to determine which position it found persuasive. A review of the record reveals adequate support for the Commission's conclusions regarding traffic, density and topography, as well as the public health and safety CT Page 9409 considerations directed at special exceptions. See Sec. 8-2, General Statutes.
If a local commission makes a reasonable good faith decision between opposing points of view on matters such as these, this court will not substitute its judgment for that of the Commission's broad legislative discretion. It is not the function of this court to usurp the zoning function. That privilege belongs to the Zoning Commission. Hall v. Planning and Zoning Board, 153 Conn. 574, 577. Frito-Lay, Inc. v. Planning Zoning Commission, supra.
The appeal is dismissed.
SAMUEL S. FREEDMAN, JUDGE