[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is the plaintiff's appeal of a decision by the defendant Planning and Zoning Commission of the City of Middletown denying his application to resubdivide land in the City into building lots. Denial of the application was pursuant to the authority of Section 05.07 of the Subdivision Regulations of the City of Middletown. R., S-1. The plaintiff's appeal is pursuant to Sec. 8-28 of the General Statutes.
The application proposed the resubdivision of 10.9 acres into building lots. R., A-1. The subdivision, to be known as "Russell Ridge II," is situated in an R-15 zone in which single family detached dwellings on lots of 15,000 square feet are a pemitted [permitted] use. R., A-1, Zoning Code, Section 21.00 — 21.02, 60.01.01. It was proposed that the subdivision adjoin a previously approved subdivision known as "Russell Ridge I," and that ingress and egress would be achieved by using previously approved roadways of Russell Ridge I joining East Street, a main traffic artery, R., S-8, S-18.
After a series of public hearings on the application, a motion made to approve the Russell Ridge II subdivision application was unanimously rejected by the commission at its February 10, 1993 meeting. R., M-1. The commission gave as its reasons for the denial the following: "1) concerns about the intersection; 2) reserve strip; 3) design concerns, need to be redesigned; and 4) ridge line." R., M-1.
The plaintiff's appeal alleges that the commission acted illegally and arbitrarily in denying the application and that it abused its discretion in one or more of the following ways: 1) that the Commission failed to follow applicable regulations, ordinances, and laws; 2) that it acted without legal reason or CT Page 3405 justification; 3) that it acted contrary to recommendations of its own staff and other City departments; 4) that it denied the application, notwithstanding its compliance with applicable regulations, ordinances, and laws; 5) that it considered irrelevant information; and 6) its decision was contrary to evidence which was a part of the record before it.
Section 8-28 of the General Statutes, provides that "[a]ny appeal from an action or decision of a planning commission shall be taken pursuant to the provisions of Section 8-8." Sub paragraph (b) of the latter statute requires service of the appeal process within fifteen (15) days of publication of notice of the agency's decision. Legal notice of the commission's decision denying the plaintiff's subdivision application was published in the Middletown Press on February 19, 1993. R., S-21. The sheriff's return reflects that service of process was made upon the Middletown Town and City Clerk as well as the Chairman of the defendant-commission on March 3, 1993. The court finds that the appeal was timely filed.
Section 8-8 also provides that in order to have the requisite standing to appeal, a party must prove aggrievement.
A party may be aggrieved by a decision of a commission in either of two ways. A party is statutorily aggrieved if he owns land "that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." Section 8-8(a)(1). Alternatively, classical aggrievement is present when a party "demonstrates a specific, personal, and legal interest in the subject matter of the decision . . . and successfully establishes that this specific, personal, and legal right has been specially and injuriously affected by the decision." Zoning Board of Appeals v. Planning Zoning Commission, 27 Conn. App. 297, 300-01 (1992).
"The question of aggrievement is one of fact to be determined by the trial court." Glendenning v. Conservation Commission 12 Conn. App. 47, 50 (1987).
The plaintiff testified before the court that he is the owner of land that abuts the subject parcel and that he also has an ownership interest in the subject parcel itself. It is the courts finding that the plaintiff is aggrieved.
The question to be decided by this court is whether the CT Page 3406 defendant acted illegally, arbitrarily, or in abuse of its discretion in denying the plaintiff's application. Raybestos-Manhattan, Inc. v. Planning and Zoning Commission, 186 Conn. 466,470 (1982). Whether it did or not "is reviewed in the light of the record as it was developed before the defendant." Ferndale Dairy, Inc. v. Zoning Commission, 148 Conn. 172, 176 (1961); so that what the court must determine, more specifically, is whether the defendant correctly interpreted its regulations and applied its interpretation with reasonable discretion to the facts presented. Thorne v. Zoning Board of Appeals, 156 Conn. 619,620 (1968).
When a commission's work is the review of a subdivision application, it acts in an administrative capacity, and not as a legislative, judicial, or quasi-judicial agency. Reed v. Planning Zoning Commission, 208 Conn. 431, 433 (1988). As such, it has "no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance." Id. "If it does not conform as required, [obviously] the plan may be disapproved." Forest Construction Co., v. Planning Zoning Commission, 155 Conn. 669, 675 (1967). But a commission is not permitted to disapprove a resubdivision application based on standards not contained in its existing regulations. RK Development Corporation v. Norwalk, 156 Conn. 369,377 (1968).
This court must uphold conclusions reached by the commission if they, or any one of them, are reasonably supported by the record. Primerica v. Planning Zoning Commission, 211 Conn. 85,96 (1989). In other words, if any one of its stated reasons stated supports the action of the commission, its action must be sustained. Senior v. Zoning Commission, 146 Conn. 531, 534
(1959). What this means then is that the court must decide, in situations in which the commission does give the reasons for its action, "whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the . . . regulations."
Zieky v. Town Plan Zoning Commission, 151 Conn. 265, 267-68
(1963).
As hereinbefore stated, the defendant gave as its first reason for denial of the plaintiff's application "concerns about the intersection". The reference is to the proposed intersection with East Street which is the only point of access to the CT Page 3407 proposed subdivision. R., M-1, T-3. This results from the fact that the proposed subdivision makes use of roads in the approved Russell Ridge I subdivision so that, as contemplated, the East Street intersection would serve as an access route to and from both Russell Ridge developments. R., A-8.
The plaintiff attacks the validity of the defendant's above stated reason on the premise that it is not a pertinent consideration under the regulations, and the commission's concerns are not supported by the record. He relies on the principle expressed in Beit Havurah v. Zoning Board of Appeals,177 Conn. 440, 443 (1979), more recently quoted with approval in TLC Development, Inc. v. Zoning Commission, 215 Conn. 527, 532-33
(1990), as follows:
 "The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal series, property values, or the general harmony of the district."
Despite the clear language of the above holding our Supreme Court has qualified its effect so that a commission is not precluded from "an examination into the special traffic consequences of a given site plan when the applicable zoning regulations permit it." Friedman v. Planning Zoning Commission, 222 Conn. 262, 266 (1992). In the present case the Middletown regulations require a consideration of traffic concerns which may serve as a basis for denial of an application, not merely (as in TLC, p. 533) for its modification. Section 05.07(3) of the Middletown Subdivision Regulations specifically provides that an application may be denied if the commission finds that it fails to conform to the purposes and requirements of these Regulations." R., S-1. One of the purposes as stated in Section 01.02(4) of the Regulations is to assure that "proposed roads will be in harmony with existing or prospective public roads, especially in regard to safe and convenient intersections and traffic flow." R., S-1.
The defendant's concerns as to the East Street intersection were raised at the initial public hearing, and discussions on the subject continued into the final hearing, as well. R., T-1, T-3. Testimony was received from Captain Uliano of the Middletown Police Department who outlined the history of traffic conditions CT Page 3408 and accidents in the vicinity of the proposed intersection. R., T-3. Additionally, a 21-page petition from citizens who lived in the area and were opposed to the subdivision and any development that would augment the traffic flow into East Street was presented to the commission. R., P-3. clearly, the commission gave ample consideration to the issue before rendering its decision.
"While there is no talismanic reference to the specific section of the zoning regulations, . . . the record of the commission's decision makes it perfectly clear that [traffic concern at the proposed intersection] was a significant factor in its decision." Friedman v. Planning Zoning Commission, supra 268.
The court finds that such concern was pertinent to provisions of the Regulations, and that the reason given by the defendant for denial of the plaintiff's application is adequately stated and supported by the record.
For reasons hereinbefore stated, it is unnecessary to address other reasons given by the defendant for denial of the application.
The plaintiff's appeal should be dismissed, and it is hereby so ordered.
GAFFNEY, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk