[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 26, 1995, John Black Lee filed an appeal with the Planning and Zoning Commission (PZC) seeking to gain reapproval of certain land divisions made by Fred W. Buttery in 1955 and 1956, allegedly as approved by the New Canaan Planning Commission on January 18, 1956. (Return of Record [ROR], Item 1; Subdivision Application). The land is 2.949 acres in total, with 1.79 acres in Wilton and 1.15 acres in New canaan. A river runs through the middle. (ROR, Item 1; Item 30; Letter dated March 11, 1992 to Jerry M. Juretus, Planner). The plaintiff is seeking to divide the property such that each lot would contain property located in both towns, and each would be more than one acre, but the portions in New Canaan would not meet the one acre zoning requirement.
A public hearing was held on August 25, 1995 (ROR, Item 14; Minutes of public hearing), and September 26, 1995. (ROR, Item 15; Minutes of public hearing). The board denied the application on October 24, 1995. (ROR, Item 17: Action of the Planning and Zoning Commission). CT Page 8828
General Statutes §§ 8-8 and 8-9 govern appeals taken from the decisions of a planning and zoning commission to the Superior Court. In order to take advantage of a statutory right of appeal;, parties must comply strictly with the statutory provisions that create such a right. Simko v. Zoning Board ofAppeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). The statutory provisions are mandatory and jurisdictional in nature and failure to comply will result in dismissal of an appeal. Id., 377.
I. AGGRIEVEMENT
Aggrievement must be proven in order to establish the court's jurisdiction over a zoning appeal. Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 739
n. 12, 626 A.2d 705 (1993). An aggrieved person is a "person aggrieved by a decision of the board. . . ." General Statutes § 8-8 (a)(1).
At the hearing held on June 17, 1996, the plaintiff established that he is aggrieved by the decision of the PZC because he is the owner of the property in question. SeeWinchester Woods Associates v. Planning zoning Commission,219 Conn. 303, 308, 592 A.2d 953 (1991); Bossert Corporation v. Cityof Norwalk, 157 Conn. 279, 253 A.2d 9 (1968).
II. TIMELINESS
Under General Statutes § 8-8 (b) an appeal must be commenced within "fifteen days from the date that notice of the decision was published." The denial of the application was published on October 26, 1995. (ROR, Item 18: Copy of Notice of Action Taken). Pursuant to General Statutes § 8-8 (e), service was made on Mary Ritter, Town Clerk of New Canaan, and on James H. Bennett, Chairman of the PZC on November 3, 1995. The plaintiff's appeal was timely.
SCOPE OF JUDICIAL REVIEW
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." (Citations omitted; internal quotation marks omitted.) DeBerardinis v. Zoning
CT Page 8829Commission, 228 Conn. 187, 198, 635 A.2d 1220 (1994). "In applying the law to the facts of a particular case, the board is empowered with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Double I Limited Partnershipv. Planning Zoning Commission, 218 Conn. 65, 72 (1991). "The burden of proof to demonstrate that the board acted improperly is on the plaintiffs." (Internal quotation marks omitted.) Adolphsonv. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988). "It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Internal quotation marks omitted.)Connecticut Resources Recovery Authority v. Planning ZoningCommission, 225 Conn. 731, 743, 626 A.2d 705 (1993).
DISCUSSION
The plaintiff appeals the decision of the PZC on the grounds that the PZC acted illegally, arbitrarily, and in abuse of its discretion in denying the application in the following regards: (1) the denial disregarded the 1955 division and variances and determined they were no longer valid; (2) even if the 1955 division which does not require the defendant's approval since it is not a subdivision; (3) the denial concluded that the land of the plaintiffs beyond the town line was not be considered as part of the plaintiff's lot for purposes of acreage; (4) the stated reasons for the denial were legally inadequate; (5) the defendant deprived the plaintiff of the use of one of his lots which constitutes a taking and a violation of plaintiff's due process rights.
The board denied the application for the following stated reasons: "1. The purported division in 1955 was not a legal division into two lots in conformity with the regulations in effect at that time; 2. The Commission's 1956 Action relative to a different portion of the property, did not constitute approval or recognition of the existence of the purported 1955 division of the land. 3. The Commission is unable to `reapprove' that which had never been initially approved, and which did not then or now conform to the Zoning Regulations." (ROR, Item 13: Planning and Zoning Commission Regular Meeting.)
The plaintiff argues that the property was subdivided in 1955, and the division was a free cut which he is entitled to CT Page 8830 without commission approval. The PZC responds that the commission does not have jurisdiction to grant a reapproval. Furthermore, the 1955 map was not formally approved, and has been superseded by subsequent maps.
According to the plaintiff, in 1955 the previous owner, Mr. Buttery, had subdivided the land, and in 1956 he further subdivided the land into three parcels. The latter subdivision was approved by the Planning Commission in 1956. (ROR, Item 24: Presentation by Attorney Jules Lang). In support of his contention the plaintiff submits a series of maps. (ROR, Item 24). The first, map #2540, shows a dotted line dividing the property and is entitled "Map Prepared for Fred W. Buttery." (ROR, Item 24, Exhibit C). there is a handwritten notation at the bottom that states, "Received Oct. 7, 1955 at 1:40 PM, Edith Linger, Asst, Edith Linger, Asst" which indicates that the map was recorded. (ROR, Item 24, Exhibit C). The second map (#2589) is titled the same, and depicts slightly more than half of the lot labeled Parcel A, including the dotted line, and some additional property labeled Parcel B, with a narrow strip running between the main property and the additional piece, labeled Parcel C. (ROR, Item 24, Exhibit D). A notation states "Subdivision plan and/or streets as shown hereon approved by New Canaan Plan Commission on January 18, 1956" and is signed by the Secretary. A notation indicates that Parcel C was conveyed to three individuals, Parcel B is not to be used for building, and it and Parcel A are to be under one ownership.
Neighbors testified in opposition to the plaintiff's application, and submitted two memoranda in opposition prepared by an attorney, Edward G. Mellick. (ROR, Items 31 and 32). Mellick states that the 1955 map is not a subdivision map and was not approved by anyone. The dotted line dividing the property is dotted and not solid, as is normally used to indicate division or separation of lots. (ROR, Item 31: Memorandum in Opposition). A supplemental memorandum provides the minutes of the Commission meeting on December 21, 1955, in which the commission voted to approve a right-of-way through the property, and specifically provided that the parcels A and B, parcels on either side of parcel C, are a single lot. (ROR, Item 32): Additional Memorandum in Opposition). The opposition memorandum attached as an exhibit the 1955 subdivision and road regulations for the town of New Canaan.
The regulations state that a map must show the entire parcel CT Page 8831 to be subdivided (Section 4.1(a). The 1956 map does not depict the entire parcel. (ROR, Item 32). Mellick argued to the commission that in 1955, New Canaan required one-acre lots, and in order for the owner to subdivide the property in the manner depicted on the maps, he would have had to apply for a variance which he did not. As in the present case, the Planning and Zoning Commission did not have authority to approve undersized lots. Furthermore, the map was never recorded in Wilton.
The neighbors also argue that the recording of a map supersedes any prior recording of a map. Pauker v. Roig, 232 Conn. 335,344, 654 A.2d 1233 (1995). When the plaintiff purchased the property in 1978, his deed referred to a map #5943 which depicts one undivided lot. (ROR, Item 31, Exhibit 6). The court in Paukerv. Roig, held, "[o]nce the taxpayers' subdivision map for twenty-nine lots had been filed on the town records, the tax assessor could no longer tax their property on the basis of three larger parcels of land that had ceased to have any legal existence." Id., 344.
The first issue is whether the subdivision at issue is subject to New Canaan's Subdivision Regulations. "As a creature of the state, the . . . [town . . . whether acting itself or through its planning commission] can exercise only such powers as are expressly granted to it, or such powers as are necessary to enable it to discharge the duties and carry into effect the objects and purposes of its creation." Builders Ser. Corp. v.Planning Zoning Comm'n., 208 Conn. 267, 274, 545 A.2d 530
(1988). The commission prepares, adopts and amends a plan of development for the municipality, General Statutes § 8-23. The commission has the authority "to determine whether the existing division of any land constitutes a subdivision or resubdivision under the provisions of this chapter." General Statutes § 8-26. However, "[n]o subdivision of land shall be made until a plan for such subdivision has been approved by the commission." General Statutes § 8-25. "SUBDIVISION shall mean the division after December 1, 1952 of a tract of or parcel of land in common ownership on or after that date into three or more lots. . . ." Subdivisions and Road Regulations of the Town of New Canaan, § 2.10 (ROR, Item 32, Exhibit 8: Copy of Subdivision and Road Regulations in effect in December, 1995.) This provision is echoed in General Statutes § 8-18 and the current New Canaan Subdivision and Street Regulations, §55-2.1. The division depicted on the plaintiff's 1955 map is not a subdivision within the meaning of the planning and zoning CT Page 8832 statutes, and therefore is not subject to the planning commission's approval. Furthermore, as discussed above, there is support on the record for the commission's finding that the 1956 action did not approve the 1955 map, or approve a subdivision of the property into three parcels, but permitted Mr. Buttery to convey a right-of-way to other property owners.
Although the division sought by the plaintiff is not a subdivision, it is nevertheless subject to zoning regulations, specifically the lot area and shape requirements. Neither party disputes that the one-acre lot size requirement was in effect in 1955, therefore to be a legal division the lots would have had to meet the requirements. The plaintiff contends that there is nothing in the regulations to prohibit the parties from including the portion of the lot in another town to determine the lot size. The inquiry is not whether there is a statutory prohibition against such a provision, but whether there is a statutory authority for the action. Builders Ser. Corp. v. Planing ZoningComm'n., supra, 208 Conn. 275. As the defendant argues, General Statutes § 8-2 provides, "[t]he zoning commission of each city, town or borough is authorized to regulate, within the limits of such municipality. . . ." See also CrescentDevelopment Corporation v. Planning Commission of the Town of NewCanaan, 1487 Conn. 145, 148-49, 168 A.2d 547 (1961) ("The defendant [New Canaan Planning Commission] had no power to approve or disapprove any subdivision in Stamford, nor did it attempt so to do. It quite properly limited itself to the proposed New Canaan subdivision." While it may be the practice of the commission to include land located in abutting towns when determining lot size, there is no statutory authority for the practice, and accordingly the commission did not err in determining that the 1955 division would not have been a legal division. Accordingly, the court finds that the 1955 division did not meet the zoning requirements at the time, and therefore the commission findings that it was not a legal division is supported by the law and the record.
Lastly, the plaintiff asserts that the denial deprives the plaintiff of his property without compensation. "We have held that zoning reclassifications can constitute an unconstitutional taking when they leave a property owner with no economically viable use of his land other than exploiting its natural state."Bauer v. Waste Management of Connecticut, Inc., 234 Conn. 221,254-255, 662 A.2d 1179 (1995). Furthermore, "[t]aking jurisprudence does not divide a single parcel into discrete CT Page 8833 segments and attempt to determine whether rights in a particular segment have been entirely abrogated. . . . [T]his court focuses rather both on the character of the action and on the nature of the interference with rights in the parcel as a whole." Id., 254. Since the property has not been divided, it is found that the plaintiff would have to demonstrate that the entire parcel was without an economically viable use, although the plaintiff is using the property as a residence. The court must also look to "the extent to which the regulation interferes with the property owner's reasonable investment-backed expectations of use of the property. Id., 257. To make this determination, the court must have evidence before it regarding the value of the land, the diminution in value, the reliance and expectations the owners had when they purchased the property, and whether these expectations were reasonable. There is no evidence on the record for the court to make these determinations.
Furthermore, the plaintiff withdrew its application for a variance, and therefore, as the defendant argues, there has not been a final administrative decision. See Port Clinton Associatesv. Board of Selectman, 217 Conn. 588, 599, 587 A.2d 126 (1991). "Until a property owner has obtained a final decision regarding the application of the zoning ordinance and subdivision regulations to its property, its is impossible to tell whether the land retain[s] any reasonable beneficial use or whether [existing] expectation interests ha[ve] been destroyed." (Internal quotation marks omitted.) Id., 600, quoting MacDonald,Sommer Frates v. Yolo County, 477 U.S. 340, 106 S.Ct. 2561,91 L.Ed.2d 285 (1986). Because the plaintiff did not follow through on the variance application, this court cannot say that there is a final decision on the application of the zoning regulations to the plaintiff's land.
CONCLUSION
Accordingly, the plaintiff's appeal is dismissed.
RYAN, J.