WINIFRED ISDALE *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF ORANGE

INGLIS, C. J., BALDWIN, WYNNE, DALY and SHANNON, Js.

Argued June 9—decided July 20, 1954

*Robert J. Woodruff,* for the appellant (plaintiff).

*Harold E. Drew,* for the appellee (defendant).

WYNNE, J. The town plan and zoning commission of the town of Orange denied an application by the plaintiff to change her one-family house into a two-family house. The plaintiff purchased her property on September 1, 1950. It consists of a tract of land on the Derby turnpike in the town of Orange. It has a frontage of 400 feet and a depth of 180 feet. Upon the lot is a dwelling house, built about January 1, 1890, which for a time prior to plaintiff's acquisition of it had been occupied by two families. The zoning regulations of the town became effective in January, 1938. In 1950, the town adopted an amendment to the zoning ordinance which provided for two-family houses in residential zones under certain conditions. Orange Zoning Regs. § 8 (1951). So far as pertinent,

this section reads as follows: "The Town Plan and Zoning Commission may, upon formal application and after public notice and hearing, allow the conversion from a one-family dwelling built prior to January 1, 1937 to a two-family dwelling, when in its judgment the areas of the dwelling and the lot upon which it is located shall be adequate and the adjoining property will not be substantially injured."

The plaintiff was given a hearing on her application on December 2, 1952, and on January 6, 1953. At an executive session of the commission on February 3, 1953, the application was denied. In the minutes of that meeting the following appears: "The Commission concluded that in its judgment, based upon the findings, it was the unanimous decision of the Board that the area of the dwelling was inadequate to warrant conversion and that the adjoining property would be adversely affected. A final vote was taken and the application was denied." The plaintiff appealed to the Court of Common Pleas. The appeal was dismissed, and from the judgment the plaintiff has appealed.

The assignments of error are sixteen in number, but in substance they raise two principal claims, (1) that the commission was biased and prejudiced against the plaintiff, and (2) that its action was arbitrary, illegal and in abuse of its discretion. Included in the latter claim is the assertion that the finding by the commission that "the adjoining property would be adversely affected" was not a finding, in accordance with the plain language of the regulation, that the adjoining property would be "substantially injured."

The case was not heard by the Court of Common Pleas solely on the record before the commission. Because of the claim of bias and prejudice, the

plaintiff was granted permission to offer evidence. It is for this reason that a finding by the court was necessary and is before us. The trial court considered the case upon the record of the commission and such additional evidence as was deemed necessary in order for it to pass upon the claim of bias and prejudice. The finding, as it should be, is limited, and does not contain the facts appearing on the record before the commission. *Kuehne* v. *Town Council,* 136 Conn. 452, 457, 72 A.2d 474. Under these circumstances, an attempt to have the court make findings based on the record of the commission and substitute its own conclusions for those of the commission is not within the purview of our procedure in such cases.

The claim of bias and prejudice is without foundation. It was based upon the alleged hostility of the commission as shown by a reference it made to a claimed violation of the zoning ordinance by the plaintiff in the construction of an auxiliary building. It does not appear from the record that this matter entered into the final vote of the commission. Furthermore, the court has found upon competent evidence that it did not.

The plaintiff's main contention is that her house fell within the terms of the regulation heretofore cited and that the action of the commission in concluding that it did not was arbitrary and in abuse of its discretion. It is conceded that the area in question is properly zoned as residential. The effect of the amendment to the regulations was to permit an exception to the town's original plan, which allowed only one-family houses in residential zones. A condition precedent to the granting of such an exception is, as set forth in the regulation, that "the adjoining property will not be substantially in-

jured." Zoning commissions are endowed with wide and liberal discretion. *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668. We have had occasion to point out in a recent case, *Couch* v. *Zoning Commission,* 141 Conn. 349, 359, 106 A.2d 173, the principles that must control the review of decisions of local authorities. We cannot hold that the commission, in concluding that the adjoining property would be "adversely affected," acted outside the scope of its powers under the zoning ordinance. While the regulation, in terms, permits the conversion of a one-family dwelling into a two-family dwelling when in the judgment of the commission four conditions are satisfied, one being that the adjoining property will not be "substantially injured," the quoted words do not admit of a concept different from that conveyed by the words "adversely affected," used by the commission in its final vote. We cannot say that the commission, in view of all the circumstances, acted arbitrarily or in abuse of its discretion in denying the plaintiff relief.

The rulings by the court excluding proffered evidence did not in any way prejudice the plaintiff. The proffered evidence did not have any material bearing on the issue of bias and prejudice, the only issue upon which new evidence was being introduced.

There is no error.

In this opinion the other judges concurred.