CHARLES B. YOUNG ET AL. *v.* TOWN PLANNING AND
ZONING COMMISSION OF THE TOWN OF WALLINGFORD
(two cases)

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

236

Argued October 3—decided December 4, 1963

*Robert L. Fay*, with whom were *Joseph N. Man-freda* and *Robert P. Billings*, for the appellants (plaintiffs in each case).

*Theodore Lendler*, with whom was *Charles J. Wood, Jr.,* for the appellee (defendant in each case).

ALCORN, J. Following a public hearing held in June, 1959, the defendant planning and zoning commission, hereafter referred to as the commission, voted seven changes of zone embracing a substantial area in Wallingford. The forty-six plaintiffs, claiming to be aggrieved by the change in classification of the zone which included their properties, appealed to the Court of Common Pleas. While the appeal was pending, and before it was heard, forty-five of these plaintiffs and two additional persons petitioned the commission for a rehearing on the change of zone, stating, inter alia, that it would "perhaps make unnecessary the continuance of the appeal to the Court of Common Pleas." The commission held a hearing on the petition and denied it. The petitioning plaintiffs thereupon appealed to the Court of Common Pleas. The two appeals were heard together, the court rendered judgments dismissing both appeals, and the plaintiffs bring the cases before us on appeal from those judgments.

In the court below, the plaintiffs sought to introduce evidence in addition to the contents of the record returned by the commission, and the court has made a limited finding, confined, as it should be, to the ruling on the plaintiffs' offer of that evidence. *Isdale* v. *Town Plan & Zoning Commission,* 141 Conn. 509, 512, 107 A.2d 267; *Kuehne* v. *Town Council,* 136 Conn. 452, 457, 72 A.2d 474. This finding is attacked by the assignment of errors but is not subject to correction in any respect which will benefit the plaintiffs. From the finding, it appears that the plaintiffs offered in evidence the minutes of a meeting of the Wallingford board of

finance, a letter from the chairman of that board to the first selectman of Wallingford, the minutes of a meeting of the selectmen and the minutes of a meeting of the commission in 1958. These documents were offered as tending to show reasons for the 1959 change in zone other than those set forth in the records of the commission. The commission objected, and the court excluded the documents.

The plaintiffs claim that the court erred in excluding the exhibits; that no change of circumstances existed to justify the change of zone made as a result of the first hearing in June, 1959, but a change of circumstances arose thereafter which required the commission to reverse that action at the second hearing in August, 1960; and that the commission acted arbitrarily, illegally and in abuse of its discretion in the action which it took in each instance.

The basic facts are as follows: The borough of Wallingford, which formerly existed within the limits of the town of Wallingford, had adopted zoning regulations in 1939. The remainder of the town was subject to no zoning regulations until 1953. On January 1, 1958, by special act of the General Assembly, the town and borough of Wallingford were consolidated, and the borough was abolished. 28 Spec. Laws 39, art. 1, § 1. As a part of the consolidation, the town planning commission was designated as the Wallingford planning and zoning commission, with all the powers and duties of both a planning and a zoning commission, to supersede any zoning commission in the town. 28 Spec. Laws 56, art. 8, § 1. To meet the situation created by the consolidation, planning and zoning regulations, based, essentially, on the former town and borough regulations, were adopted by the commission, effec-

tive November 7, 1958. They divided the town into seven residence districts, three rural districts, one limited-business district, five commercial districts and two industrial districts. Wallingford Zoning Regs. § 2.1 (1958). The plaintiffs' properties are in a rural district designated under these regulations as RU-40. The town planning commission had, however, been studying a general plan for Wallingford for several years, taking into account population trends and the physical characteristics and suitable uses of the land in the various areas of the town. On its own initiative, the defendant commission held a hearing on June 11, 1959, to consider changing the 1958 zoning regulations for eight areas of the town. The areas involved represented the major portions of the land outside of what might be called the central business section. Included in the eight areas which were the subject of the hearing was the one in which the plaintiffs' properties are located. The proposal considered at the hearing was to change the classification for the area which included the plaintiffs' properties from RU-40 to RU-80. The only differences between the restrictions in rural district RU-80 and rural district RU-40 were that the RU-40 restriction required a minimum lot area of 40,000 square feet, a minimum lot width of 150 feet and a minimum lot area per family unit of 30,000 square feet, whereas the RU-80 restrictions required a minimum lot area of 80,000 square feet, a minimum lot width of 200 feet and a minimum lot area per family unit of 50,000 square feet. Wallingford Zoning Regs. § 5 (1958). At the hearing, the recommendations of town planning consultants and the opinions of property owners and various experts were offered at length. Following the hearing, the commission unanimously

voted to rezone all but one of the areas considered, and the area embracing the plaintiffs' properties was rezoned from RU-40 to RU-80. The commission gave as reasons for the change in the area which included the plaintiffs' properties that both the Wallingford water system and the New Haven Water Company owned substantial portions of the land; other portions were used by Y.M.C.A. and Boys' Club Camps and a Rod and Gun Club; part of the land was included in a state forest; the area is rural and contains no public water and sewer services; the prevailing soil conditions impede drainage; and the comprehensive plan for the locality contemplates a desirable population density of one family for each two acres.

The plaintiffs' claim is that the reasons stated by the commission are not, in fact, the real reasons for the change in zone, but that the real reason is to prevent an increase in the property tax rate by limiting the number of families permitted in the area and thereby controlling the need for additional school facilities. It is their further claim that two members of the commission had a fixed bias in favor of this objective, which the evidence excluded by the court would tend to establish.

The plaintiffs contend that, because of the preconceived opinion of two members of the commission, the hearing was a sham, and consequently the commission's action was arbitrary. Of course, if the plaintiffs could sustain the burden, which rested on them, of proving that the commission had made up its mind, in advance, to approve the proposed zone changes regardless of anything which transpired at the public hearing, the purpose of the hearing would have been thwarted and the commission's action thereafter would be illegal. *Pecora* v. *Zoning Com-*

*mission,* 145 Conn. 435, 444, 144 A.2d 48; *Couch* v. *Zoning Commission,* 141 Conn. 349, 357, 106 A.2d 173.

The plaintiffs make no complaint of the fairness of the public hearing before the commission, nor do they claim to have been denied the opportunity of introducing all of the evidence they wished to offer at that hearing. Since there was a complete stenographic record of the proceedings before the commission, the offer of additional evidence in the trial court called for a determination, in the exercise of the court's legal discretion, as to whether that evidence was necessary for the equitable disposition of the appeal. General Statutes § 8-8; *Nielson* v. *Zoning Commission,* 149 Conn. 410, 413, 180 A.2d 754. Under § 8-8, the evidence was not admissible unless it was essential for the equitable disposition of the appeal. *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 70, 157 A.2d 103.

One of the exhibits offered was the record of the adoption of zoning regulations by the commission in 1958 following the consolidation of the town and the borough. It was offered to show that those regulations subjected the plaintiffs' properties to the RU-40 restriction. This fact already appeared from the record of the proceedings before the commission which was before the court. Another document was the record of a meeting of the town board of finance, attended by five town officials, the town attorney, two representatives of a firm of planning consultants employed by the town, and two members of the defendant commission, at which the capital expenditure program of the town was discussed, and the upzoning of building lots entered into the discussion, following which, the board of finance voted to request the selectmen to take action to increase

the building lots in Wallingford to one and one-half acres. These minutes recited that one member of the commission reported that his efforts to require two-acre zoning several years ago had been disapproved and that the other member of the commission indicated that the regulations were "tight" enough. A third document was a letter written by the chairman of the board of finance to the first selectman following the meeting of the board of finance just described, stating in substance that two members of the commission had discussed the upzoning of building lots in order to limit the number of new houses and thus slow down the increase in the tax rate and that such a course would have the support of the board of finance. This letter was, of course, obviously hearsay so far as it purported to state the comments by the two members of the commission. The fourth document was a resolution of the board of selectmen approving a study of upzoning by the commission. It also contained hearsay matter as applied to the issue before the court. None of the documents, even if otherwise admissible, tended to establish that two members of the commission had formed a preconceived opinion amounting to bias regarding either the so-called upzoning in general or, more especially, any such opinion affecting the area which included the plaintiffs' properties. In discussing the much more extensive claim made in *Couch* v. *Zoning Commission,* 141 Conn. 349, 106 A.2d 173, that the entire commission had voted to establish the zones there involved prior to a public hearing, we said (p. 357): "The ultimate decision to effect a change in boundaries had to await the hearing, at which the public were privileged to express themselves. This does not mean, however, that the commission was powerless, prior to the

hearing, to take tentative action on anything affecting the proposed change. . . . [T]he project, aimed to increase those areas, was the commission's own brain child and for almost two years had commanded its attention. If, under these circumstances, it were prohibited from reaching any opinion until after a hearing was held, progress in zonal development in the town might be seriously hamstrung." See also *Pecora* v. *Zoning Commission,* supra. The evidence offered in the present case is not shown to be necessary for the equitable disposition of the appeal, and consequently the court did not abuse its discretion in excluding it. *Tarasovic* v. *Zoning Commission,* supra. We have recently discussed the history and purpose of § 8-8 of the General Statutes as it concerns the offer of additional evidence on appeal. *London* v. *Zoning Board of Appeals,* 150 Conn. 411, 416, 190 A.2d 486.[1]

The claim made by the plaintiffs that the action of the commission in making the change of zone following the hearing in June, 1959, is illegal because of a lack of changed circumstances to justify it is unsound. The commission is essentially a legislative body and, as such, is under a duty reasonably to anticipate future conditions affecting the public welfare. As a legislative body, it is not necessarily subject to the rule which denies to zoning boards of appeal the power to reverse an earlier decision unless it is shown that changed conditions have arisen. *Corsino* v. *Grover,* 148 Conn. 299, 310, 170 A.2d 267; *Neuger* v. *Zoning Board,* 145 Conn. 625, 633, 145 A.2d 738; *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789. The action of the commission in 1958 was obviously brought about by

[1] For a statutory change subsequent to the *London* case, see Public Acts 1963, No. 45.

the consolidation of the town and the borough with the resulting necessity of quickly effecting a workable whole from the two preexisting zoning acts. The action of the commission following the hearing in June, 1959, about which complaint is made in the first appeal, represented the first major revision of the zoning regulations of the town and borough since they were adopted in 1953 and 1939, respectively. Since 1953, extensive planning studies had been undertaken, recommendations of professional planners had been received, and the borough had been abolished. Clearly enough, conditions had changed even though it was not necessary, in this case, to place any reliance on that fact. The record of the proceedings before the commission fully supports the conclusion reached by the trial court that the commission, in the action which it took following the hearing in June, 1959, was endeavoring to amend the zoning regulations to meet present and reasonably anticipated future conditions in a manner which study and planning indicated would best serve the welfare of the community as a whole.

The claim made in the second appeal, namely, that the commission illegally refused to reverse itself is disposed of by our determination that the action of the commission following the hearing in June, 1959, cannot be disturbed. The petition for a rehearing, dated in April, 1960, was filed less than a year after the change of zone voted in July, 1959, following the June hearing. The commission would have been justified in refusing to entertain the petition. Section 8-3 of the General Statutes, as amended by Public Acts 1959, No. 614, § 3, relieves a zoning commission from hearing any petition "relating to the same changes, or substantially the same changes, more than once in a period of twelve months." The com-

mission did, however, accord the plaintiffs the courtesy of a hearing and decision on the petition. The plaintiffs appealed from that decision and, by so doing, not only added to the burden of the commission and the court but subjected themselves to entirely unnecessary effort and expense.

The claim that the commission acted illegally, arbitrarily or in abuse of its discretion is not supported by this record. It is well settled that an upgrading of a zone in an area such as is here involved is a type of regulation generally upheld. *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415, appeal dismissed, 363 U.S. 143, 80 S. Ct. 1083, 4 L. Ed. 2d 1145. The essential question, in any case, is whether any one of the several reasons which may be given for the change is reasonably supported. Courts do not substitute their own judgment for that of the commission so long as honest judgment has been reasonably and fairly exercised after a full hearing. *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886. We examine the reasons assigned by the commission for its action in the light of the requirements of General Statutes § 8-2. The reasons given by the commission as hereinbefore recited are adequately supported by the record and are of the type which we have held valid to meet the requirements of § 8-2 in similar circumstances. *DeMars* v. *Zoning Commission,* 142 Conn. 580, 583, 115 A.2d 653; see also *Corsino* v. *Grover,* supra, 312. The plaintiffs failed to show that the commission acted illegally, arbitrarily or in abuse of its discretion in either appeal.

There is no error in either case.

In this opinion the other judges concurred.