ANDREW C. PETERSEN, INC., ET AL. v. TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF BLOOMFIELD

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued·December 13, 1966—decided March 23, 1967

*Michael Grossmann,* for the appellants (plaintiffs).

*Arnold W. Aronson,* with whom, on the brief, was *Lawrence C. Klaczak,* for the appellee (defendant).

RYAN, J. On July 15, 1965, upon application of some 100 residents and property owners, the defendant, the town plan and zoning commission of the town of Bloomfield, amended the zoning regulations by upgrading the zone applicable to a certain residential area, which lies south of Terry Plains Road

and west of Brown Street, from an R-20 zone to an R-30 zone. An R-20 zone requires 20,000 square feet per lot, with a minimum frontage of 125 feet, a 40-foot minimum front-yard depth, 20-foot minimum side yards, and a 25-foot minimum rear yard. The change to an R-30 zone increased the requirements to 30,000 square feet per lot, with a minimum frontage of 150 feet, a minimum front-yard depth of 50 feet, side yards of a minimum of 25 feet, and a 25-foot minimum rear yard. Bloomfield Zoning Regs., p. 17 (1965). The minimum area for the first floor of a dwelling which could be constructed on each lot was increased from 1250 to 1600 square feet for a one-story house, from 800 to 1000 square feet for a one and one-half story house, and from 700 to 800 square feet for a two-story dwelling. Id., p. 18. The area to the south and west of the land in question was already zoned R-30, and the change of zone in question would make the entire area enclosed by Brown Street and Terry Plains Road an R-30 zone. The plaintiffs, owners of a major portion of the land affected, have appealed to this court from a decision of the Court of Common Pleas which upheld the action of the commission. They claim that the commission acted illegally, arbitrarily and in abuse of its discretion in granting a change of zone for the following reasons: (1) The evidence presented at the hearing was insufficient to support the decision. (2) The reasons given by the commission for granting the change were inadequate and arbitrary. (3) No change in the conditions or character of the area was shown. The other assignments of error were not pursued in the plaintiffs' brief and must be assumed to have been abandoned. *Pluhowsky* v. *New Haven,* 151 Conn. 337, 345, 197 A.2d 645.

The commission gave the following reasons for the adoption of the change of zone: "(1) Except for this area, the land west of Maple Avenue and Brown Street is zoned R-30 and above. (2) The policy of the Town Plan & Zoning Commission established in the Comprehensive Plan submitted in 1961 was that this area should be zoned for larger lots, and this was re-emphasized at the public hearing in 1964 prior to the adoption of the Comprehensive Plan."[1]

Upon receipt of the petition for a change of zone, the commission, of its own motion, included an additional area with that which was requested by the property owners to be considered at the hearing. This was done to avoid leaving a small island of R-20 land remaining. The area thus included was duly embraced in the notice of the hearing. At the public hearing there was evidence that for several years the commission had been considering certain zone changes as a result of recommendations made by a former consultant to the commission. The master plan proposed a dividing line for residential density at Maple Avenue and its extension, Brown Street and Tunxis Avenue. Everything west of this line was to be a lower density area and would include R-30, R-40 and R-80 zones. There was evidence that the proposed change of zone would bring the area in question into conformity with adjacent properties to the north, west and south. There was testimony at the hearing that the change suggested would be beneficial to the town and would protect some of its undeveloped areas suitable for residential use.

---

[1] Technically, the plan referred to is the master plan rather than the comprehensive plan. See *Mott's Realty Corporation* v. *Town Plan & Zoning Commission*, 152 Conn. 535, 538, 209 A.2d 179.

Section 8-2 of the General Statutes provides, in part, as follows: "Such regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration as to the character of the district . . . and with a view to . . . encouraging the most appropriate use of land throughout such municipality." The reasons assigned by the commission for its action are to be examined in the light of the requirements of the statutes. There is nothing in the record to indicate that the commission acted illegally, arbitrarily or in abuse of its discretion. The upgrading of a zone in an undeveloped residential area, such as this, is a type of regulation generally upheld. *Young* v. *Town Planning & Zoning Commission,* 151 Conn. 235, 245, 196 A.2d 427; *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415, appeal dismissed, 363 U.S. 143, 80 S. Ct. 1083, 4 L. Ed. 2d 1145; *Demars* v. *Zoning Commission,* 142 Conn. 580, 583, 115 A.2d 653. "The modification of zone boundaries and regulations by a zoning commission partakes of the nature of legislative proceedings. The circumstances and conditions concerning zone changes are peculiarly within the knowledge of the zoning commission." *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* 152 Conn. 7, 10, 202 A.2d 241. The change of zone was made in accordance with the comprehensive plan. "Courts

do not substitute their own judgment for that of the commission so long as honest judgment has been reasonably and fairly exercised after a full hearing. *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886." *Young* v. *Town Planning & Zoning Commission,* supra.

The final claim of the plaintiffs is that the action of the commission was illegal because there was no change in the conditions and character of the area. We have said that ordinarily a zone classification should not be changed unless some new condition has arisen which substantially alters the character of the area. *Vece* v. *Zoning & Planning Commission,* 148 Conn. 500, 503, 504, 172 A.2d 619. "By this statement we do not intend to place the legislative body of a municipality in a straitjacket. The commission, in changing the zone, acted as a legislative body, and such a body ought to be free to amend its enactments when, for example, the purpose is to invoke or modify provisions which time and experience have demonstrated to be unwise or in need of change. *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789." *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* supra, 11.

The reasons for the change of zone given by the commission are valid and are fully supported by the record. The conclusion of the trial court that the plaintiffs failed to sustain their burden of showing that the action of the commission was illegal, arbitrary and in abuse of its discretion cannot be disturbed.

There is no error.

In this opinion the other judges concurred.