[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, DeForest Smith, has appealed from a decision of the Planning and Zoning Board of the City of Milford denying his application for a change of zone for property located on Wheeler's Farms Road at its intersection of Wellington Road. The application was for a change of zone from Residential One Acre (RA) to General Business (GB). The record indicates that the denial was "without prejudice." There is no explanation in the record for the phrase "without prejudice."
The court viewed the property in the company of both counsel. During that visit, the court observed that the property is almost completely surrounded by and impacted by the Wilbur Cross Parkway and the rather large interchange recently constructed, as well as CT Page 11013 several Design Office Districts. These Design Districts came about as a result of several zone changes over the past two decades. There are Design Office Districts to the west of the subject property across Wheeler's Farms Road. To the north and east there is another Design Office District. To the south of the Parkway the area is almost entirely zoned Design Office District except for Boy's Village and a former Howard Johnson restaurant and motel. The nearest residential property is to the north on the opposite side of Wellington Road. Immediately abutting the subject property to the est [east] is a triangular piece of property owned by Equitable Life Assurance Society of the United States and zoned General Business (GB). while this property is vacant, it at one time had a diner located thereon. The court's tour of the area disclosed that the only other property zoned residential was the residential properties immediately north of the subject property across Wellington Road and some other residential properties further to the north.
In its decision denying plaintiff's application for a change of zone, the Board gave as its reason that it "felt it was better not to change the zone without a site plan filed concurrently."
The need for a concurrent site plan filing had previously been waived by the Board. At a meeting held on September 7, 1993, this very same Board found that the filing of a concurrent site plant was "inappropriate" and waived the necessity of its filing. (See Return of Record, Exhibit 12).
Despite the granting of this waiver, the minutes of the Zoning and Regulations Committee of the Board at a meeting held shortly thereafter on October 19, 1993 discloses that the Committee recommended that the plaintiff's application for a change of zone be "denied without prejudice and they come back with a site plan." (See Return of Record, Exhibit F).
To say the very least, the actions of the Board are inconsistent. On September 7, 1993, the Board found the necessity for a site plan inappropriate and, approximately two months later, the very same Board denies "without prejudice" an application for a change of zone for the subject property indicating that the Board "felt it better not to change the zone without concurrent site plan approval." (See Return of Records — Minutes of Meeting, November 3, 1993 — Return of Record, Exhibit C).
"When enacting or amending its regulations, a local zoning CT Page 11014 authority acts in a legislative capacity. It must therefore be free to modify its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change." Pierpont v. ZoningCommission, 154 Conn. 463, 468, 226 A.2d 659; Young v. TownPlanning Zoning Commission, 151 Conn. 235, 243, 196 A.2d 427 ______. The discretion of a legislative body, because of its constituted role as a formulator of public policy is much broader than that of an administrative board, which serves a quasi-judicial function. Thus, although we have said that a zoning commission should not ordinarily alter the classification of a certain area in the absence of changed conditions, it is clear that this rule, which is a restriction on the principle of legislative discretion, will only be applied to those rare instances where the zoning amendment is patently arbitrary. A less strict rule would require the court to exercise a legislative judgment." Malafronte v.Planning and Zoning Board, 155 Conn. 205, 209. See Andrew C.Peterson, Inc. v. Town Planning Zoning Commission, 154 Conn. 638,642, 228 A.2d 126; Pierpont v. Zoning Commission, supra; Winslow v.Zoning Board, 143 Conn. 381, 390, 122 A.2d 789.
Our Supreme Court in the case of Suffield Heights Corporationv. Town Planning Commission, 144 Conn. 425, 427-28, made the following comment: "The rule often stated by this court that courts cannot substitute their discretion for the liberal discretion which the legislature has conferred on local zoning authorities (Couch v. Zoning Commission, 141 Conn. 349, 359,106 A.2d 173, and cases cited) is based upon two fundamental reasons. First, courts do not have administrative or legislative powers and consequently do not hear appeals from zoning authorities de novo. Second, local authorities are presumed to be more familiar with the circumstances of a given situation and the peculiar character and inherent nature of the zonal development of their town. Situations arise, however, where the application of zoning to a particular piece of property practically destroys its value for any permitted use to which it can reasonably be put and where the application of the ordinance bears so little relationship to the purposes of the zone requirement, as it affects that particular property, as to render the regulation confiscatory or arbitrary. Libby v. Board ofZoning Appeals, 143 Conn. 46, 51, 118 A.2d 894. The legislature had given a right of appeal from the decisions of local zoning authorities to the Court of Common Pleas which `may reverse or confirm, wholly or partly, or may modify or revise the decision appealed from.' Cum. Sup. 1955, Sect. 379d. In the light of the statute, a court cannot take the view in every case that the CT Page 11015 discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty. Therefore, the court can grant relief upon appeal in those cases where the local authority has acted arbitrarily or illegally and consequently has abused the discretion entrusted to it. Lindy'sRestaurant, Inc. v. Zoning Board of Appeals, 143 Conn. 620, 622,124 A.2d 918. In viewing the action of the court we have to decide whether it could in logic and in law reach the conclusion that the commission should be overruled."[1]
In the Suffield case, supra, wherein the decision of the lower court was sustained the factual pattern is somewhat similar. The area was predominantly business and the subject property was zoned residential. However, in that case the property was surrounded on three sides by residentially zoned properties. In the case before the court, the surrounding property for the most part is zoned Design Office District 10 and Design Office 25. The Wilbur Cross Parkway and its new interchange has an overwhelming impact on the property. While there is a piece of property immediately to the north and across Wellington Road zoned residential, it does not enhance or bolster a residential designation for the subject property. The Neighborhood Plan of Development created in 1953 designates the property for a Neighborhood Business use. While Neighborhood Business Zoning has previously been abolished, the General Business Zone designation which is the zone for the property immediately to the east and abutting the subject property would allow small business type of establishments. See Amended Record at X, Sections 3.11.1 — 3.11.19. The suitability of the property for residential use has been negated by the zone changes which have occurred over the past two decades. The property is part of a triangular shaped island bounded on the north by Wellington Road, on the west by Wheeler's Farms Road, and on the south by the Wilbur Cross Parkway and on the east by property of Equitable Life. This island will never be developed for residential purposes.
The court finds the decision of the board to be patently arbitrary and its decision is therefore overruled.
The Court
By Curran, J.