[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Timber Trails Associates, appeals from a decision of the defendant, the Planning and Zoning Commission of the Town of Sherman, denying its request for an extension of time within which to file a conservation easement.
Although the issue on appeal is narrow, this action represents only the most recent skirmish between the plaintiff, Timber Trails Associates, and the defendant, the Planning and Zoning Commission of the Town of Sherman.
The history of what has evolved into an epic confrontation will be recounted briefly, to the extent that it has a bearing on the issues presented in this appeal. CT Page 1859
On June 3, 1992, the Connecticut Supreme Court decided the case of Timber Trails Corporation v. Planning ZoningCommission, 222 Conn. 380 (1992), thus igniting additional fireworks between Timber Trails Associates and the Planning and Zoning Commission of Sherman.
On December 12, 1992, a sixteen lot Mylar subdivision plan was submitted to the commission. When the commission failed to approve the application, an appeal followed.
In November of 1995, after two years of protracted discussions, and additional acrimony, the parties arrived at a settlement.
The settlement agreement, which ended the litigation, was reduced to writing, and approved by the court, Mihalakos, J.,
pursuant to § 8-8 (n) of the Connecticut General Statutes.
The settlement agreement, appended to the plaintiff's complaint, consists of nine pages. It was signed by all of the affected parties.
Paragraph 4 of the agreement makes reference to Section 5(d) of the Sherman Subdivision Regulations, and requires the giving of a conservation easement "at the time for filing the Formal Map under Paragraph 5."
Paragraph 5 of the settlement agreement requires the filing of a map in compliance with the terms of the agreement within ninety days of approval of the agreement.
The parties to the agreement provided for time limits, and acknowledged the importance of those time requirements.
Paragraph 10 of the agreement provides: "Any failure of Timber Trails Associates to comply with the timetable set out in Paragraphs 4 and 5 renders the subdivision void pursuant to C.G.S. § 8-25 and/or Sherman subdivision regulation § 7 (f)."
The deadline for filing the formal map, and the simultaneous filing of the conservation easement, was March 11, 1996.
The defendant, the Planning and Zoning Commission of the Town of Sherman, at a special meeting on March 9, 1996, voted to CT Page 1860 extend for a period of thirty days, the deadline for the filing of the conservation easement. (Rec. No. 2.) The new deadline was 4 p. m. on Wednesday, April 10, 1996.
By letter dated March 9, 1996 (Rec. No. 3), sent to counsel for Timber Trails Associates under the signature of the chairman of the defendant commission, the extension was confirmed.
Paragraph 2 of the letter reads:
 The Commission voted to extend for a period of 30 days the deadline for filing the conservation easement agreement. The deadline for such filing is therefore 4 p. m. on Wednesday, April 10, 1996. The Commission voted further that a) it will grant no further extensions of the filing deadline, and b) it will consider no requests for modification of the terms of the Settlement Agreement reached by the parties and ordered by Judge Mihalakos. [Rec. No. 3.]
During March and April of 1996, additional efforts were made by representatives of the plaintiff to secure a conservation easement.
On April 5, counsel for Timber Trails Associates requested a second "brief" extension to arrange for the easement. (Rec. No. 5.)
The defendant commission, on April 18, 1997, voted 4 to 3, to deny the request for a second extension, after extensive discussion and testimony (Rec. No. 12).
This appeal followed the denial of the request for a further extension.
The plaintiff, Timber Trails Associates, claims to be aggrieved by the decision of the Sherman Planning and Zoning Commission, as a result of its denial of the extension request.
A party claiming aggrievement must meet a twofold test. First, it must demonstrate a personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as the concern of all members of the community as a whole. Second, it must establish that the special personal and CT Page 1861 legal interest has been specifically and injuriously affected by the decision. Hall v. Planning Commission, 181 Conn. 442, 444
(1980); Primerica v. Planning Zoning Commission, 211 Conn. 85,93 (1989).
The plaintiff meets that test, and is aggrieved by the defendant's decision, denying the extension.
The settlement agreement had effectively given to the plaintiff approval of a sixteen lot subdivision. A Mylar map had been prepared for filing, litigation had ended, and only the lack of a conservation easement prevented the subdivision map from being fully effective.
As a result of the failure to file the conservation easement, and the commission's refusal to extend the time period, the plaintiff is effectively back to square one, after years of litigation. A new application will require additional expenses, time will be lost, and anticipated profits deferred.
The plaintiff, Timber Trails Associates, has standing to bring this appeal.
The powers of a court in an administrative appeal of a zoning decision are limited by § 8-8 (l) of the Connecticut General Statutes.
Section 8-8 (l) reads:
 (l) The court, after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. If a particular board action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the board decision or orders the particular board action. In an appeal from an action of a planning commission taken under section 8-29, the court may also reassess any damages or benefits awarded by the commission. Costs shall be allowed against the board if the decision appealed from is reversed, affirmed in part, modified or revised.
In its brief, Timber Trails Associates asks this court to reform or modify the settlement agreement. This request was CT Page 1862 abandoned at trial.
Based on that abandonment, and the fact that the power to reform an agreement is not found in § 8-8 (l), that issue is left to a more appropriate forum.
The issue, in this appeal, is whether the failure of the commission to accede to the plaintiff's request for a second extension of time within which to arrange for a conservation easement as required by the settlement agreement was arbitrary, illegal, or an abuse of the discretion vested in the zoning authority.
The defendant, the Planning and Zoning Commission of the Town of Sherman, is endowed with liberal discretion, and its action is subject to judicial review only to determine whether it acted unreasonably, arbitrarily, or illegally. Schwartz v. Planning Zoning Commission, 208 Conn. 146 152 (1988); Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 442
(1963); Toffolon v. Zoning Board of Appeals, 155 Conn. 558,560-61 (1967); Gorman Construction Co. v. Planning ZoningCommission, 35 Conn. App. 191, 195 (1994); McCrann v. TownPlanning Zoning Commission, 161 Conn. 65, 70-71 (1971).
The burden of demonstrating that the commission has acted improperly rests with the plaintiff, Timber Trails Associates.Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654 (1980);Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
The question is not whether the trial court would have reached the same conclusion. Primerica, supra, 96. A court should not disturb a decision of a local zoning commission, so long as an honest judgment has been reasonably and fairly exercised.Baron v. Planning Zoning Commission, 22 Conn. App. 255, 257
(1990); Molic v. Zoning Board of Appeals, 18 Conn. App. 159, 164
(1989); Young v. Town Planning Zoning Commission,151 Conn. 235, 245 (1963).
Applying these principles to the case at bar, it can not be said that the decision of the Planning and Zoning Commission of the Town of Sherman was arbitrary, or abused the discretion vested in the defendant commission by law. Although the closeness of the 4 to 3 vote indicates some disagreement as to the exercise of discretion, the record fails to reveal that the prevailing side exceeded its authority, or abused its discretion. CT Page 1863
The defendant, the Planning and Zoning Commission of the Town of Sherman, at the time of the April 18 vote, had already granted one extension, with the appropriate admonishment to the plaintiff, Timber Trails Associates, as to the reception any additional request for extension would receive. (Rec. No. 3.)
Furthermore, the plaintiff was unable to offer any guarantee that the requested extension would result in obtaining the conservation easement. (Rec. No. 12, pp. 15-16.).
This court is not unmindful of the long history of litigation between the parties. However, that history is not sufficient, as a matter of law, to hold that the reasons for the denial of a second extension were not reasonable and credible, in light of all of the circumstances.
It should be noted that the plaintiff, Timber Trails Associates, is free to submit another subdivision proposal to the defendant, the Planning and Zoning Commission of the Town of Sherman. Should that occur, the commission sits in an administrative capacity, and is limited to determining whether the plan submitted complies with the applicable subdivision regulations. Reed v. Planning Zoning Commission, 208 Conn. 431,433 (1988). Submission of a revised subdivision plan might bring the closure to this epic zoning struggle which both parties should desire.
The appeal of the plaintiff, Timber Trails Associates, is DENIED.
Radcliffe, J.