[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a zoning appeal brought pursuant to Conn. Gen. CT Page 4726 Stat. 8-8. The plaintiffs brought three separate appeals which arose from a single resubdivision application and were consolidated before this court. The plaintiffs are as follows: Walter A. Flynn, Jr., D.N. 259202; Linda R. Gibbons, D.N. 259106; and Douglas Sweeny, Suzanne Sweeny, Robert Benoit, Charlene Benoit, Dennis Wasson, Ellen Wasson, L. Henry Sprouse, Jr., Susanne Sprouse, Howard Saffon and Abraham Goldbloom, D.N. 259057.
The defendants in the three consolidated appeals are the Town Plan and Zoning Commission of the Town of Fairfield (hereinafter "PZC"); Mildred Trupp, clerk of the PZC; Marcia L. Mosely, Assistant Town Clerk of Fairfield; Munson Builders, Inc.; and the devisees of the estate of Frank J. Dooley, Elizabeth A. Dooley, John Edward Dooley and Maureen Dooley Bartolot.
The plaintiffs are appealing the decision of the defendant Town Plan and Zoning Commission of Fairfield (hereinafter "PZC"), which decision granted conditional approval of the application of defendant Munson Builders, Inc. for the resubdivision of twelve (12) lots in an AAA zone and for a special permit for excavation and filling within a regulated area pursuant to 24 of the Fairfield Zoning regulations. The PZC rendered its decision to grant conditional approval of the application on March 28, 1989. The resubdivision application and special permit application are one and the same. (Record Item, 26, Notice of publication of Decision, March 31, 1989). Notice of service of all three appeals was made on the defendants on April 13, 1989.
Therefore, it is found that this appeal has been brought within fifteen days after notice of publication of decision and is timely. See Conn. Pub. Acts. No. 90-286 (1990) (appeal timely if service of process occurs within fifteen days after notice of publication of decision).
Plaintiffs appeal the defendant PZC's decision to grant approval of Munson Builders' resubdivision and special permit application following a public hearing held on January 24, 1989. (Record Items 25, 26, 27).
The PZC conditioned its approval on the extension of an existing cul-de-sac street to an existing fifty (50) foot wide strip of land which strip would connect to Silver Spring Road. This 50-foot wide strip is shown on the Tax Assessor's Map as being reserved for a future road. See Record Item 25, 34, p. 16 and Attachment C to Defendant Estate of Frank J. Dooley's Brief, which was admitted into evidence as an exhibit before this court. CT Page 4727
Plaintiff Walter A. Flynn Jr. alleges in his appeal petition that the defendant PZC acted illegally, arbitrarily and in abuse of its discretion in that it:
a. Failed to comply with its own regulations.
b. Approved lots not meeting the required area for the zone.
c. Failed to allow reasonable public input.
d. Accepted erroneous statements after the close of the public hearing.
e. Based the approval upon an erroneous assumption concerning the existence and location of a claimed town road.
Plaintiff Linda R. Gibbons alleges in her appeal petition that the defendant PZC has acted illegally, arbitrarily and in abuse of its discretion in that:
a. The parcel of land designated in said condition No. 1 of said motion to be used for access to Silver Spring Road was not a part of the land included in the application before the defendant Commission, and the defendant Commission was without jurisdiction to so condition its approval.
b. No evidence was before the defendant Commission upon which it could have based its decision regarding the possible use of said right of way access to Silver Spring Road including, but not limited to: dimensions of said parcel of land, record ownership of said parcel; required easements; engineering and construction plans and specifications regarding such road; contours; drainage computations; storm drainage discharge; drainage impacts upon surrounding properties; required catch basins, manholes and curbing: and existence of any wetland soil types.
c. The defendant Commission violated its own regulations and procedures by purporting to grant "final approval" to this application prior to reviewing the information required by its own regulations with respect to said proposed new access road to be connected to Silver Spring Road.
d. Creation of a new access road to connect to Silver Spring Road involves land not addressed in the conditional approval of the Fairfield Conservation Commission dated December 14, 1988 and will impose new and additional impacts upon the wetlands existing on this site and surrounding properties, requiring resubmission to and approval by the Fairfield CT Page 4728 Conservation Commission.
e. There was no public notice or insufficient public notice by the defendant Commission of the changes made to the proposed resubdivision plan, thereby depriving affected property owners of their rights to notice as provided in the Fairfield Subdivision Regulations and the Connecticut General Statutes.
f. Substantial modifications were made to the proposed resubdivision plan by the defendant Commission subsequent to the close of the public hearing on this application thereby depriving property owners affected by these changes of their right to participate in a public hearing as required by the Fairfield Subdivision Regulations and the Connecticut General Statutes.
g. The proposed connection of the internal subdivision roads to Silver Spring Road encourages through traffic on a local street, and creates a hazardous traffic situation for the surrounding areas, all in violation of 2.1.5 of the Fairfield Subdivision Regulations.
h. The original resubdivision plan submitted by the applicant complied in all respects with the Subdivision Regulations of the Town of Fairfield and all other applicable requirements and consequently the defendant Commission, acting in its administrative capacity, had no alternative but to approved said application as originally submitted and without addition of the condition to provide an access road to connect to Silver Spring Road.
In addition she argues that the "defendant Commission failed to render all decisions on said application within sixty-five days after completion of the public hearing on this application, as required by 8-26d of the Connecticut General Statutes, and the application was therefore approved, as originally submitted, by operation of law."
The plaintiffs, Douglas Sweeny, et al., allege in their appeal petition that the PZC acted illegally, arbitrarily and in abuse of its discretion in one or more of the following ways:
a. The PZC's approval so modified the final resubdivision map and plans which had been submitted by Munson Builders at the public hearing so as to necessitate a new public hearing in accordance with 1.4.1 of the subdivision regulations.
b. The PZC failed to give proper notice of the changes which the PZC desired to make to the resubdivision application. CT Page 4729
c. The PZC violated the subdivision regulations by modifying the resubdivision application and plans to provide for a continuation of the proposed permanent cul-de-sac street to an existing right of way which connects to Silver Spring Road without considering or requiring the defendant, Munson Builders to show various factors listed in plaintiffs' petition.
d. The PZC failed to give proper notice to all abutting landowners and owners within 100 feet of the subdivision as approved at the public hearing, once it affirmatively undertook the duty of providing such notice
e. The approval of the PZC is so vague as to be arbitrary in that the approval calls for drastic changes in the original plans without the benefit of public input.
f. The PZC failed to require the defendant Munson Builders to show access to public water supply per 1.3.4 and to properly show all adjoining property lines and owners per 1.1.3 of the subdivision regulations.
g. The approved street layout does not comply with 2.1.5 and if Morehouse Lane is a public thoroughfare, its intersection is not in compliance with 2.1.4.2.
h. The published notice for the public hearing was not adequate in that it was not reasonably designed to give notice of the subdivision application as ultimately approved.
i. The subdivision as approved is not in compliance with the Town's master plan which anticipates that Queen's Grant Road will connect to Morehouse Lane.
j. The PZC failed to consider certain factors in approving the road extension when the residents in the area already experience flooding conditions.
The parties have submitted memoranda in support of their respective positions. This court would note that not all of the plaintiffs' allegations have been briefed, and additionally, that some issues have been raised for the first time in the briefs.
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. PZB, 203 Conn. 317, 321 (1987). Unless the plaintiff alleges and proves aggrievement his case must be dismissed. Fuller v. PZC, 21 Conn. App. 340, 343 (1990). CT Page 4730
This court has previously determined that the plaintiffs are aggrieved parties. See Memoranda of Decision in this matter, entitled Aggrievement, dated August 31, 1990, which reflects that plaintiffs own property abutting or within one hundred feet of the proposed road extension and that therefore plaintiffs are statutorily aggrieved pursuant to 8-8 of the General Statutes.
A trial court has a very limited scope of review when confronted with an appeal from the decision of a zoning board. Park v. PZC, 178 Conn. 657, 663 (1975). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. PZC,211 Conn. 85, 96 (1989); Stankiewicz v. ZBA, 15 Conn. App. 729,737 (1988), affd. 211 Conn. 76 (1989).
When reviewing a subdivision application, a planning commission acts in an administrative capacity. Reed v. PZC,208 Conn. 431, 433 (1988). If the application conforms to the regulations, the commission has no discretion and must approve it. Id.
The burden of proof to demonstrate that the board acted improperly is upon the plaintiff. Adolphson v. ZBA, 205 Conn. 703,707 (1988). The decision of the board will only be disturbed if it is established that the decision was illegal, arbitrary or in abuse of the Board's discretion. Beit Havurah v. ZBA, 177 Conn. 440, 444 (1979). Commission decisions must be upheld on appeal if reasonably supported by the record. Drom Associates v. PZC, 21 Conn. App. 538, 541 (1990) (citations omitted).
The plaintiffs' claims will be addressed in the order in which the appeals have been stated herein.
Plaintiff Walter A. Flynn, Jr.'s Appeal
The plaintiff Walter A. Flynn, Jr. initially contends in his brief dated September 11, 1989 that the PZC failed to give adequate notice of its proposed road extension plan, and that as a result, interested parties — were deprived of due process. The plaintiff Flynn next claims that the PZC approved non-conforming lots which it had no authority to do. Plaintiff Flynn also contends that the PZC illegally accepted ex-parte evidence after the close of the public hearing.
The defendant PZC argues that it did give proper notice of the defendant Munson Builders' subdivision application. Defendant PZC further claims that it did not authorize the defendant Munson to create lots which do not comply with the CT Page 4731 area requirements set forth in the zoning regulations. Defendant PZC finally claims that it did not improperly accept post-hearing evidence.
The defendant Munson Builders, has adopted the defendant PZC's brief and has claimed further in its supplementary brief that the Fairfield Subdivision Regulations (Record #35) do not require notice by mail as the plaintiff contends, nor is Conn. Gen. Stat. 8-26 mandatory in that regard. The defendant Munson also claims that the plaintiff has made no showing that the defendant PZC's action has created non-conforming lots. Munson also claims that the plaintiff's claim of post-hearing evidence has been ably refuted in the PZC's brief.
The defendants, devisees of the estate of Frank J. Dooley, are presently the record owners of the subject premises in Fairfield. See Defendant Estate of Frank J. Dooley Brief and Attachment A, Certificate of Devise issued by Court of Probate for District of Fairfield. These defendants initially contend that the plaintiff's claim that illegal ex-parte evidence was solicited and received by the PZC was not raised in its appeal petition and is thus not before this court and is incorrect on the facts and the law.
The defendants further claim that the plaintiff has the benefit of both constructive and actual notice that the fifty foot right-of-way adjacent to the defendant devisees' property might be affected by defendant's subdivision application. Additionally, the defendants contend that the PZC has authority to modify plans that are not in conformity with the regulations pursuant to Conn. Gen. Stats. 8-3 (g) or 8-26.
The plaintiff Flynn's first argument that the PZC failed to give adequate notice will be addressed initially.
Plaintiff claims that the subject application constituted a resubdivision and, therefore, pursuant to Conn. Gen. Stat.8-26, notice had to be given by mail to persons who are owners of land which is adjacent to the land which is the subject of the hearing. Plaintiff also cites to "1.4.1 of the Fairfield Subdivision Regulations (Record Item, 35) which requires the PZC to hold a public hearing on any subdivision involving the creation of more than five lots or the establishment of a new street. Here there were twelve (12) lots to be resubdivided on the subject premises. Plaintiff Flynn claims that the record is devoid of any notice having been given by mail or newspaper publication to anyone who would be affected by the creation of the street connection to Silver Spring Road because the applicant (Munson Builders) had not included such street in its application for resubdivision. Plaintiff claims that this CT Page 4732 failure to give adequate notice of what the PZC planned deprived interested parties of due process.
The defendant PZC argues that the plaintiff's complaint does not allege that the commission failed to give adequate notice. Defendant PZC cites the case of Robert S. Weiss 
Associates, Inc. v. Wieder Light, 208 Conn. 525, 537 (1988) for the proposition that "[i]t is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . ." Id. at 537. (citations omitted). The defendant PZC further cites to Gordon v. Tufano, 188 Conn. 477, 482 (1982), for this proposition. The court in Gordon stated that the trial court lacked jurisdiction to determine an issue because that issue had not been raised in the pleadings. Id. The defendant PZC therefore contends that this court should not consider the plaintiff's argument that the PZC failed to give adequate notice.
This court adopts the PZC's argument in opposition to that of plaintiffs' that the trial court lacks authority to rule on issues not raised in the pleadings. The plaintiff's complaint does not allege the plaintiff's claim, nor has an amended complaint been filed in the Flynn appeal.
In regard to the plaintiff's second claim that the PZC approved non-conforming lots, the defendant PZC contends that it did not authorize the applicant to create non conforming lots nor did the commission grant a variance as to area.
The record reflects that final approval of the resubdivision application was given on the basis that it was in compliance with the Subdivision and Zoning Regulations of the Town of Fairfield and that revised plans representing conformity with these standards would be submitted. (Record Item 27, p. 1, para. 1).
The plaintiff has not presented any evidence of nonconforming lots, and the record does not reflect that the defendant PZC created nonconforming lots. The plaintiff's claim must fail in that regard.
As to the plaintiff's third claim that the PZC illegally accepted ex-parte evidence after the close of the public hearing, the plaintiff contends that after the public hearing held on January 24, 1989, (Record Items 11, 12, 18), Town Attorney Roy Ervin attempted to provide the PZC with factual evidence. Plaintiff contends that the following record items were received after the public hearing:
Record Items 19 — Letter from Attorney Williams to Conservation CT Page 4733 Commission dated January 30, 1989. (Attorney for applicant. Munson Builders, Inc.).
 21 — Memorandum from Attorney Ervin to Town Plan and Zoning Commission, dated March 15, 1989.
 22 — Inter-Office memo to Commission, dated March 16, 1989.
 23 — Letter from James H. Wickersham, Jr., dated March 19, 1989. (Former Owner of 420 Morehouse Lane).
 24 — Memorandum to Attorney Ervin from Director, dated March 21, 1989.
Plaintiff claims that the PZC cannot receive evidence on disputed factual issues after the close of the public hearing without impermissibly tainting the PZC's entire proceeding. Plaintiff cites to two Connecticut Supreme Court cases, Pizzola v. PZC, 167 Conn. 202, 207 (1974) and Blaker v. PZC,212 Conn. 471 (1989). In both cases the issue was whether an ex-parte communication occurred between the PZC and an applicant. In Blaker the court stated that, "once it has been demonstrated that an improper ex-parte communication has occurred, a presumption of prejudice arises. Although this presumption is rebuttable, the burden of showing that a prohibited ex-parte communication between a commission and an applicant has not prejudiced a party must be allocated to those seeking to uphold the validity of the commission's decision." Blaker, 212 Conn. at 480.
The record reflects that the PZC requested professional technical assistance regarding the status of Morehouse Road. (Record Items 19, 20). A commission which is composed of laypersons may utilize professional technical assistance in performing its duties. Frito-Lay, Inc. v. PZC, 206 Conn. 554,571 (1988).
Attorney Ervin's memorandum dated March 15, 1989 reflects that he discussed the PZC's specific request for an opinion on the issue of the status of Morehouse Road with Public Works Director Frank Daniels and others. (Record Item, 21) This evidence appears to be technical assistance taken from another town official and others, who are not parties or applicants to this appeal. Additionally, Record Items 22, 23 and 24 appear to, address the PZC's specific request regarding the status of Morehouse Road and for the same reasons stated above should not be regarded as ex-parte evidence. CT Page 4734
Furthermore, the PZC heard testimony on this issue elicited by Attorney Austin Wolf at the hearing held on January 24, 1989, and others, Mr. Wrabel, Mr. Land and Mr. Flynn, (Record Item 34, pp. 12-16), which testimony reflects that the status of Morehouse Road was at issue at the hearing. These parties stated their opinions at this time and are submitted to have had the opportunity to voice their concern to the PZC.
Based on the foregoing, the defendant PZC did not accept illegal ex-parte evidence and therefore the plaintiff's claim must fail.
The court would note that although the plaintiff has not alleged a notice claim in his appeal petition, he nevertheless raises in connection with other arguments in his brief the claim that the use of the fifty foot right-of-way was not included in the defendant Munson's resubdivision application. Attachment C to the defendant Estate of Frank J. Dooley's Brief, which was accepted into evidence by the court, reflects that the fifty foot strip was reserved for a future road. See also (Record Item 34, p. 16 and defendant PZC's Exhibit AF, Map #249 also accepted into evidence at hearing).
"[N]otice of a hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice." Shrobar v. Jenson, 158 Conn. 202, 207 (1969). "It is implicit in such a [hearing] procedure that changes in the original proposal may ensue as a result of the views expressed at the hearing." Kleinsmith v. PZC, 187 Conn. 303, 311 (1968), (citations omitted).
The Court holds that the plaintiff had constructive notice of this strip of land and its possible use as a future road as it was included in the land records as "reserved for future road." It is further held that the notice was sufficient enough to apprise landowners in the vicinity of this proposed resubdivision that changes in the area may be forthcoming. Accordingly, it is held that the PZC has not acted illegally as to this claim.
For the reasons stated above, the defendant PZC has not acted illegally, arbitrarily or in abuse of its discretion in granting the defendant Munson Builders' resubdivision and special permit application and therefore the plaintiff Walter A. Flynn, Jr.'s appeal is dismissed.
Plaintiff Linda R. Gibbons' Appeal
The plaintiff Linda R. Gibbons initially contends in her CT Page 4735 brief that the PZC's actions are invalid due to lack of or inadequacy of notice because the PZC should have noticed two separate hearings. Specifically, the plaintiff contends that 1.4.1 of the Fairfield Subdivision Regulations (Record Item #35), provides that the PZC shall hold a public hearing on any subdivision involving the creation of more than five lots or the establishment of a new street.
It appears that what the plaintiff is arguing is that two separate hearings should have been held by the PZC, one hearing and notice thereof for creating twelve (12) lots, and the other for creation of a new street.
The defendant Munson's application sought approval for a twelve (12) lot resubdivision. (Record Items 2 and 3). Notice of such hearing for a twelve lot resubdivision was made on January 13, 1989 in the Fairfield Citizen-News. (Record Items 11 and 12). The hearing was held on Tuesday, January 24, 1989. The Court would hold therefore that the defendant PZC has complied with Fairfield Subdivision Regulation 1.4.1 which requires the PZC to hold a public hearing on any subdivision involving the creation of more than five lots.
The Record reflects that the issue of creating a new street, precisely involving the fifty foot right-of-way, was discussed at the hearing held on January 24, 1989. See (Record Item 34).
 [Notice of a hearing is not required to contain an accurate forecast of the precise action which will be taken in the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprises these who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing, if such action seems desirable.
Schrobar v. Jensen, 158 Conn. 202, 207 (1969). (citation omitted) (emphasis added).
In the present case, the Court holds that notice was sufficient to apprise the plaintiff and the public "of the nature and character of the action proposed" and therefore that it was sufficient. See Id. It is further held that the defendant PZC has complied with Fairfield Subdivision Regulation 1.4.1 by holding a hearing for consideration of the creation of twelve (12) lots, and a proposed road.
"It is implicit in such a [public hearing] procedure that CT Page 4736 changes in the original proposal may ensue as a result of the views expressed at the hearing." Frito-Lay, Inc. v. PZC,206 Conn. 554, 567 (1988) (citations omitted).
Additionally, it is held that the plaintiff had constructive notice that a fifty foot right-of-way was reserved for a future road as indicated in Record Item 34, p. 16 and Defendant PZC's Exhibit AF, Map #249).
Page 16 of Record Item 34 reflects testimony elicited by Mr. Walter Flynn who stated, "[b]ut if you check your old records . . . plans were made for access to this property; they planned for access from (inaudible . . . to Morehouse. When you look at the southernmost part of the so-called (inaudible) property there is over here on the site map the Town has reserved a 50' strip for each connection to (inaudible). . . . `Now, for your reference if you want it, the thirty-three acre vacant tract is shown on Tax Assessor's Map 249 as Lot 002. Also shown on the same map is a 50' wide strip reserved for a future road. . . .'" (Record Item 34, p. 16) (emphasis added).
The plaintiff also contends that the PZC illegally assumed jurisdiction over adjacent land (the 50 foot strip) which was not part of the original resubdivision application nor part of the supporting maps and other documents. The PZC claims in its brief, p. 9, that it required the applicant to extend solely on property included in the application, a proposed cul-de-sac road and that the plaintiff's contention that the PZC assumed; jurisdiction over adjacent land is without merit.
The defendant Estate of Frank J. Dooley claims in its brief, p. 11, that the plaintiff's argument is unavailing for a number of reasons, two of which are that the fifty foot; right-of-way is owned by defendants Estate of Frank J. Dooley which is also the record owner of the subdivision property at issue and secondly, that the fifty foot right-of-way has been designated in the Fairfield Land Records with the legend "Reserved for Future [Road] Use". See Attachment A and C to defendant Estate of Frank Dooley's brief which was submitted into evidence at the hearing before this court. (Record Item 34, pp. 16-18 and Plaintiff Gibbons Exhibit B, Map).
Plaintiff has not offered any explanation of what is meant by "illegally assuming jurisdiction over adjacent land," nor has the plaintiff offered any case law. Accordingly, the plaintiff's argument must fail.
The plaintiff next argues that the PZC acted without the required prior approval by the Inland Wetland agency. Plaintiff specifically contends that the fifty foot strip of land leading CT Page 4737 to Silver Spring Road was not included in the Fairfield Conservation Commission's decision to approve conditionally Munson Builders' application on December 14, 1988. (Record Item 8).
Defendant PZC asserts in its brief that the conservation commission did approve the defendant Munson's Inland Wetland Permit Application and although the PZC required changes to the application, this did not invalidate such approval. Record Item 8, which is the Conservation Commission's conditional approval, states in paragraph 6 that "[a]ny change in approved plans must be approved by the Conservation Commission. This includes changes required by any other agency."
In the Connecticut Superior Court case of Frechette, et al., v. Town Planning and Zoning Commission, et al., 4 CSCR 70, (December 1, 1988, Reilly, J.), the court stated that "since the statutes [8-26] require approval from both the wetlands agency and planning commission, the phrase `due consideration' limits the power of the planning Commission such that it may not grant an application which the wetland agency has denied." Id. at 71.
In the matter at hand, the Record reflects that the conservation commission conditionally approved Munsons Builders' application minus any consideration of the fifty foot right-of-way as a newly created road. This of course, is due to the subsequent imposition of the PZC's approval with conditions, one of which was to include the fifty foot right-of-way as a road connecting to a cul-de-sac. See (Record Item 27, para. 1).
The effect of the PZC's subsequent approval with conditions was to make a change in the defendant Munson Builders' Inland Wetland Permit Application which technically requires further consideration and possibly further approval by the conservation commission as stated in paragraph 6 of Record Item 8. Furthermore, the Record does not reflect that Munson Builders has sought this additional approval. However, this does not mean that the defendant PZC has acted illegally, arbitrarily or in abuse of its discretion in granting defendant Munson Builders' Resubdivision application which was conditionally approved by the conservation commission. See (Record Items 7, 8, 10, 34).
Accordingly, the plaintiff's claim must fail in this regard.
Plaintiff Gibbons next argues that the PZC was without authority to require the defendant Munson to provide an access through the off-site fifty foot strip of land. Plaintiff also argues in her brief, p. 15, that there is no evidence in the CT Page 4738 record that the subdivision, as proposed, did not meet the requirements of the Fairfield Zoning or Subdivision Regulations. However, plaintiff has not demonstrated how the application as proposed did not meet the Regulation requirements.
 Nothing in the subdivision approval statute, 8-26 allows for the imposition of conditions upon the planning and zoning commission's approval of a subdivision plan; the statute merely provides for the commission to `approve, modify and approve, or disapprove' a subdivision application . . . A planning commission, therefore, is only authorized to take one of three courses of action when considering a subdivision application: it can approve the application exactly as it was submitted; it can make changes to the application to ensure compliance with the subdivision regulations and compatibility with the municipality's comprehensive plan, and then approve the application as so modified; or it can disapprove the application outright. Any other action taken by a planning commission necessarily falls outside the statutory delegation of powers contained in the enabling act and cannot stand.
Moscowitz v. PZC, 16 Conn. App. 303, 308-09 (1988) citations omitted). See also Nicoli v. PZC, 171 Conn. 89 (1976) and Crescent Development Corporation v. Planning Commission,148 Conn. 145 (1961).
The defendant PZC made changes to the defendant Munson Builders' application by requiring Munson to provide for continuation of the cul-de-sac street to an existing access right-of-way owned by the applicant and reserved for a future road in accordance with the standards provided for in the Subdivision Regulations. The PZC stated in its decision, (Record Item, 27, para. 1), that it was requiring Munson to create this new road so that it would provide a safe and convenient system for present and prospective traffic in the area surrounding the proposed subdivision.
The Supreme Court has held that 8-26 gives the planning commission power to "modify". Crescent Development Corp. v. Planning Commission, 148 Conn. 145, 151 (1961). In Crescent Development, the court held that the "practical effect" of imposing a condition which was within the control of the subdivider and which was required to satisfy local regulations was to "approve the plan after modifying it." Id. at 148, CT Page 4739 152-53; see also Raybestos-Manhattan, 186 Conn. at 471; Nicoli v. Planning Zoning Commission, 171 Conn. 89 (1976); Carpenter, 176 Conn. at 593 n. 7 (discussing both Crescent Development and Nicoli). This principle was restated in Moscowitz v. Planning Zoning Commission, 16 Conn. App. 303,311 (1988), in which the Appellate Court held that the local planning authority had no power to impose a condition restricting future subdivisions. The court stated:
 [I]t is the nature of the underlying action taken by the planning commission that will determine its legality, not whether it is phrased in terms of a "modification" or "conditional approval." The commissions in Crescent Development and Nicoli were found to possess the authority to require alterations in the planned road layouts submitted to them on the basis of their legitimate concerns with traffic flow. In contrast, the imposition of the restrictive notation by the defendant in this case is neither a "modification," within the generally understood meaning of that term, nor does it bear a rational relationship to the enumerated health, safety and public welfare considerations set forth in General Statutes 8-25.
Moscowitz, 16 Conn. App. at 311 (emphasis by court).
The Court holds that the defendant PZC did not act illegally, arbitrarily or in abuse of its discretion in relation to plaintiff's claim regarding lack of authority to require access through the fifty foot right-of-way.
It is further held that the PZC had the power in this instance to modify the applicant Munson Builders' plan.
Plaintiff Gibbons next claims in her brief that the PZC improperly received ex-parte evidence following the close of the public hearing held on January 24, 1989.
It is held that based upon the foregoing discussion of this issue in the plaintiff Flynn's appeal the defendant PZC did not accept illegal ex-parte evidence and therefore the plaintiff Gibbon's claim must fail.
Plaintiff Gibbons next contends that there is no evidence existing in the record regarding the possible use or design of the fifty foot strip of land at issue herein. CT Page 4740
Plaintiff Gibbons has submitted a warranty deed into evidence at the hearing before this court, marked as Exhibit A which indicates that she purchased her property on August 10, 1983 from former owners William O. Granville and Holly Granville.
The recording of the fifty foot strip designated as "Reserved for Future Road" was entered upon the land records on November 20, 1969. See Attachment A to defendant Estate of Frank J, Dooley's Brief labeled Second Tract.
This Court holds that plaintiff Gibbons as an abutting landowner would have constructive notice of this fifty foot strip of land as being recorded on the land records, and therefore had notice of the possible use of the fifty foot strip.
Plaintiff Gibbons' final claim is that the PZC has failed to provide notice to adjoining municipalities pursuant to Conn. Gen. Stat. 8-26F which states:
 Sec. 8-26f. Notice to adjoining municipalities. The planning commission of any municipality shall notify the clerk of any adjoining municipality of the pendency of any application, petition, request or plan concerning any project on any site in which: (1) Any portion of the property affected by a decision of such planning commission is within five hundred feet of the boundary of the adjoining municipality; (2) a significant portion of the traffic to the completed project on the site will use streets within the adjoining municipality to enter or exit the site; (3) a significant portion of the sewer or water drainage from the project on the site will flow through and significantly impact the drainage or sewerage system within the adjoining municipality; or (4) water run-off from the improved site will impact streets or other municipal or private property within the adjoining municipality. Such notice shall be made by registered mail and shall be mailed within seven days of the date of receipt of the application, petition, request or plan. No hearing may be conducted on any application, petition, request or plan unless the adjoining municipality has received the notice required under this section. Such adjoining municipality may, through a representative, CT Page 4741 appear and be heard at any hearing on any such application, petition, request or plan.
A review of the record herein does not reflect whether the fifty foot right-of-way herein was within five hundred feet of the boundary of the adjoining municipality, as required by Conn. Gen. Stat. 8-26f(1). Additionally, the plaintiff has not presented sufficient evidence to show that Conn. Gen. Stat.8-26f(2) through (4) are applicable.
The burden of proof to demonstrate that the board has acted improperly is upon the plaintiff. Adolphson v. ZBA, 205 Conn. 703,707 (1988); Burnham v. PZC, 189 Conn. 261, 266 (1983).
The Court holds that plaintiff Gibbons has not met her burden of proving that the defendant PZC had to notify the adjoining municipality of Westport pursuant to Conn. Gen. Stat.8-26f. Alternatively, the plaintiff has not alleged this issue in her complaint and therefore this court lacks authority to rule on an issue not raised in the pleadings. See Robert S. Weiss Assoc., Inc. v. Wieder Light, 208 Conn. 525, 537
(1988); Gordon v. Tufano, 188 Conn. 477, 482 (1982).
In regard to the plaintiff Gibbon's appeal, the Court holds that the defendant PZC did not act illegally, arbitrarily or in abuse of its discretion and rather, its decision is supported by the record. Therefore, the plaintiff Gibbon's appeal is dismissed.
Appeal of Plaintiffs Douglas Sweeny, Et Al.
The plaintiffs initially contend in their brief the PZC acted illegally, arbitrarily and in abuse of its discretion in granting the resubdivision and special permit application when it failed to notify the public that the PZC was considering the elimination of the proposed permanent cul-de-sac and the extension of that road to an existing right-of-way. Plaintiffs further claim that the public was entitled to a public hearing and proper notice thereon by virtue of Conn. Gen. Stat. 8-26, 2-27e and 1.4.1 of the Fairfield Subdivision Regulations. Additionally, plaintiffs claim that they were not given a fair opportunity to be heard about drainage and traffic problems they might encounter and the effect upon inland wetlands adjacent to the new road connection.
The record reflects that the PZC did consider traffic and drainage problems at the hearing held before the PZC. (Record Item 34, pp. 17 through 26). The Court holds that plaintiffs claim that they were not given a fair opportunity to be heard should fail because the PZC considered these factors at the CT Page 4742 hearing, and the plaintiffs had the opportunity to address these factors at the hearing.
Plaintiffs next cite to Conn. Gen. Stat. 8-26 in relevant part which states that "[N]o plan of resubdivision shall be acted upon by the commission without a public hearing." Record Items 11 and 12 reflect that plaintiffs were legally notified pursuant to Conn. Gen. Stat. 8-26 that a hearing was to be held on Tuesday, January 24, 1989 at 8:15 p.m. The notice of hearing specifically stated: "[r]esubdivision application of Munson Builders, Inc. for twelve lots in an AAA Zone and Special Permit Application in accordance with 24.0 of the Zoning Regulations. . . ." (Record Item, 12 Queens Grant Road). A hearing was in fact held on both of these applications on January 24, 1989. (Record Items 27 and 34).
The record reveals that the defendant PZC has complied with the notice provisions of Conn. Gen. Stat. 8-26, and furthermore, the plaintiffs should have been aware that the PZC may have imposed conditions in its consideration of the subject premises.
Plaintiffs next claim that Conn. Gen. Stat. 8-26e
requires a planning commission to hold a public hearing on an application or request in a special exception.
The previous discussion regarding Conn. Gen. Stat. 8-26 is dispositive of this issue as Record Items 11 and 12 reveal that the defendant PZC published notice of hearing to be held on January 24, 1989 for special permit application. Therefore, it is held that the defendant PZC has complied with Conn. Gen. Stat. 8-26e.
Plaintiffs present the claim that 1.4.1 of the Subdivision Regulations mandates a public hearing for the resubdivision for two reasons: (1) Munson Builders' application involved the creation of five or more lots, and (2) the proposed resubdivision involved the establishment of a new street.
The plaintiffs contend that the PZC should have held a new public hearing and suspended the January 24, 1989 hearing and required the defendant Munson Builders to submit revised plans showing the elimination of the cul-de-sac with a continuation of the right-of-way.
This issue was previously discussed in plaintiff Gibbons appeal. For the reasons discussed in the plaintiff Gibbons appeal, it is held that the defendant PZC has complied with subdivisions regulation 1.4.1 by holding a public hearing for consideration of a twelve lot resubdivision application which is CT Page 4743 in compliance with 1.4.1 requiring a hearing for an application of five or more lots. Additionally, the record reveals that the PZC also considered the establishment of a new street at the same hearing. (Record Item, 34)
Plaintiffs make a further claim that the PZC violated Conn. Gen. Stat. 8-29. However, plaintiffs have not raised this claim in their original or amended complaint and therefore this court lacks jurisdiction to determine this issue as it was not raised in the pleadings. See Gordon v. Tufano, 188 Conn. 477; 482 (1982). "`It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . .'" Robert S. Weiss Assoc., Inc. v. Wieder Light, 208 Conn. 525, 537 (1988) (citations omitted).
The plaintiffs raise the following additional issues:
 (1) The Fairfield Conservation Commission never granted approval for the elimination of the cul-de-sac and its connection to Silver Spring Road and therefore the defendant PZC's action in approval of defendant Munson Builders' application was arbitrary illegal and in abuse of its discretion.
 (2) The PZC improperly received ex parte evidence after the close of the public hearing.
 (3) The PZC lacked authority to modify the resubdivision plans as submitted, because the plans conformed to the subdivision plans of the Town of Fairfield and therefore the PZC had no discretion or choice but to approve the plans.
These three issues have been discussed above in connection with plaintiff Gibbon's claims. It is held that the same reasoning applies to this appeal. Further, the plaintiffs' claim of receipt of ex parte evidence was also previously addressed in the Flynn appeal.
Plaintiffs further claim that the resubdivision violates the Town's Master plan. The Court would hold that TLC Development, Inc. v. PZC, 215 Conn. 527, 532-33 (1990) is dispositive of this issue. The court in TLC stated that, "The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal services, property values, or CT Page 4744 the general harmony of the district." TLC, 215 Conn. at 533
(citation omitted). See also Sowin Assoc. v. PZC, 23 Conn. App. 370,374 (1990), which held in pertinent part that "the conclusive presumption set forth in TLC Development, Inc., precludes a commission's reliance on a proposed subdivision's failure to coincide with the general harmony of the district." Id. at 376.
Furthermore, plaintiffs contend that the master plan does not "anticipate" a road cutting through Sherwood Lane and connecting to Silver Spring Road. It is held, however, that plaintiffs' argument must fail for the reason that the fifty foot right-of-way, as previously stated was recorded on the land records with the words `Reserved for Future Road.' Therefore, at this point in time, the possibility of a road being created from the fifty foot strip of land should have been anticipated. Accordingly, it is held that the plaintiffs' claim must fail.
The plaintiffs further contend that the notice published by the PZC was inadequate pursuant to Conn. Gen. Stat. 8-26
because it was not specific enough to allow interested parties to form an opinion as to whether or not to appeal the PZC's decision.
 It is not essential that a notice of decision expressly state every consideration that might be relevant to any party who might want to appeal the board's decision. It is only necessary to provide notice adequate to ensure a reasonable opportunity within the applicable time constraints to obtain the information required to form an opinion whether or not to appeal.
Bridgeport Bowl-O-Rama, Inc. v. ZBA, 195 Conn. 276, 282 (1985).
Record Items 25 and 26, Notice of Decisions, reveal that the PZC approved with conditions the defendant-applicant Munson Builders' application for Resubdivision and Special Permit approval. The notice provided the plaintiffs a reasonable opportunity to obtain the information required to form an opinion whether or not to appeal, especially when the notice stated `approved with conditions.' (emphasis added). Accordingly, this claim must fail.
Plaintiffs final two arguments raise claims that the defendant PZC's approval violates numerous Town Subdivision and Zoning Regulations, specifically Subdivision Regulation Sections 3.4.4; 1.1.5; 1.1.7; 2.1.5; 2.1.4.2; 1.3.4; and 1.1.3, and additional claims that there would be damage to a bridal path in CT Page 4745 the area that the PZC's approval is so vague as to be arbitrary. Plaintiffs claim that the PZC's approval calls for drastic changes in the original plans submitted by defendant Munson Builders without the benefit of public comment which prevented the public from knowing if the resubdivision application, as approved, would comply with 1.1.8 of the Subdivision Regulations and 3.0 of the Zoning Regulations.
Subdivision Regulation 3.4.4
Plaintiffs contend that the PZC failed to consider the effect of storm water discharge upon the down hill properties along Silver Spring Road which is required by Subdivision Regulation 3.4.4. Record Item 34, p. 20, (comments made by Mr. Douglas Sweeny), reflect that concern about drainage problems on Silver Springs Road was raised. Moreover, Record Item 27, para. (Decision of PZC), required as a condition of approval that the defendant Munson Builders had to act in accordance with the standards provided in the Subdivision Regulations and also required the applicant to submit new plans.
The Court holds that plaintiffs have not met their burden of proving that the PZC acted illegally, arbitrarily or in abuse of its discretion, and further, the record supports the PZC's decision.
Subdivision Regulations Sections 1.1.5 and 1.1.7
Plaintiffs contend that the defendant PZC's actions were not in compliance with 1.1.5, entitled Construction Plans, because no plans or profile drawings for the new street layout have been submitted.
The Court holds that this argument also must fail for the reason that Record Item 27, para. 1 requires as a condition of approval by the PZC, that revised plans representing the newly created road be submitted by the defendant Munson Builders.
As to plaintiffs' claim that the record is devoid of any consideration of 1.1.7 entitled, Flood Protection, it is held that the plaintiffs have not met their burden of proving that the area in question is designated as flood prone in an A Zone which is required pursuant to 1.1.7. Moreover, Record Item 34, Minutes reflects that this is an AAA Zone. Therefore, the plaintiffs claim must fail.
Subdivision Regulation 2.1.5
Plaintiffs contend that by creating a new road, the PZC has now encouraged substantial traffic to flow over the existing CT Page 4746 right-of-way joining Silver Spring Road which is not designed to handle such traffic. Record Item 34 reflects that the PZC considered traffic on this proposed new road. A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. PZC,206 Conn. 554, 572-73 (1988); Parks v. PZC, 178 Conn. 657, 663
(1979). It would appear that plaintiffs are relying on speculation and conjecture for their argument that traffic will be increased. The plaintiffs have offered no support for their position. See Adolphson v. ZBA, 205 Conn. 703, 707 (1988); Burnham v. PZC, 189 Conn. 261, 266 (1983). For the foregoing reasons, the plaintiffs' claim must fail.
Subdivision Regulation 2.1.4.2
The plaintiffs contend that the PZC acted illegally, arbitrarily and in abuse of its discretion in violation of 2.1.4.2 in approving the resubdivision application and allowing the proposed intersection of Queens Grant Road and Morehouse Lane to be at an angle less than forty-five degrees in violation of the above Regulation.
Section 2.1.4 of the Subdivision Regulations is entitled Intersections: The following standards shall apply to street intersections:
Section 2.1.4.2 is listed thereunder and refers specifically to intersections. (Record Item 35, p. 9).
Record Item 34, Minutes p. 2 reflects that the PZC had before it for consideration plans contemplating the `extension' of Queens Grant Road in two directions, but it does not reveal any language referring to intersections. Accordingly, it is held that 2.1.4.2 of the Subdivision Regulations does not apply to the Roads in question. The Court holds that plaintiffs' claim must fail.
Subdivision Regulation 1.3.4
Plaintiffs contend that the PZC acted illegally, arbitrarily and in abuse of its discretion by failing to require the applicant to submit satisfactory proof of an adequate water supply as required by Subdivision Regulation 1.3.4.
Record Item 7, inter-office memo from the Health Department states in relevant part that; "[t]he above mentioned subdivision appears to meet the requirements of this Department." This has been made part of the Record which the PZC had before it, and relied on in making its decision. CT Page 4747
Record Item 7, inter-office memo from the Health Department states in relevant part that; "[t]he above mentioned subdivision appears to meet the requirements of this Department." This has been made part of the Record which the PZC had before it, and relied on in making its decision.
The plaintiffs have not provided any evidence in support of their claim and therefore it must fail. See Adolphson,205 Conn. at 707.
Subdivision Regulation 1.1.3
Plaintiffs contend that the PZC violated Regulation 1.1.3 by not requiring the defendant Munson Builders to submit a map showing all adjoining property lines and property owners. Section 1.1.3 requires that a preliminary map be submitted showing approximate dimensions, existing and proposed property and street lines, adjoining property lines and the names of adjoining owners and further items. The Record contains a map which is not labeled with an Exhibit or Record Item number or letter, but it has however, been provided to this court.
The defendant Munson Builders has complied with 1.1.3 by submitting a map for consideration by the PZC and therefore, the PZC has not acted illegally, arbitrarily or in abuse of discretion.
Bridal Path Damage Claim
Plaintiffs contend that the defendant PZC acted illegally, arbitrarily and in abuse of its discretion when it removed the cul-de-sac and extended that road across an existing bridal path before receiving public input on the revised plan. Plaintiffs further contend that the PZC's decision to extend the proposed road will destroy existing bridal trails in and around that area.
The record reflects that the PZC considered the existing Bridal Path on pages 3, 4, 5, 9, 10, 18 and 20 of the minutes of the hearing held on January 24, 1989. (Record Item, 34). The record also reflects that the Conservation Commission considered the subdivision area and requested an open public easement through the property for bridle trail use. (Record Item 34, p. 3).
The Court holds that the PZC considered public input on this issue and therefore, the plaintiffs' claim must fail. See also (Record Item 8, pp. 7-8).
Vague Arbitrary Decision CT Page 4748
The plaintiffs finally contend that the defendant PZC's decision is vague in that it calls for drastic changes in the original plans without the benefit of public comment. Plaintiffs claim that this prevented the public from knowing if the resubdivision application, as approved, would comply with 1.1.8 of the Subdivision Regulations and 3.0 of the Zoning Regulations.
Section 1.1.8 requires other evidence to be submitted establishing that the land to be subdivided is of such character that it can be used for building purposes without danger to health or public safety and that other specific conditions would be satisfied.
It would appear that Record Item 34, Minutes, reveals all of the plaintiffs' concerns which were discussed at the hearing held on January 24, 1989.
The Court would hold that plaintiffs, in this appeal, have failed to specifically identify the alleged inaccuracies throughout their argument regarding violation of Subdivision Regulations, but have briefed only blanket arguments.
Accordingly, the Court holds that all plaintiffs in the three consolidated appeals have failed to meet their burden of proving that the PZC acted illegally, arbitrarily or in abuse of its discretion. See Adolphson, 205 Conn. at 707.
All three appeals are dismissed.
MILTON J. HERMAN STATE TRIAL REFEREE